[Sac. No. 469.   In Bank.—May 12, 1900.]

H. BARNHART, Appellant, v. R. L. EDWARDS, Administrator, etc., et al., Defendants.   MORDECAI A. VANCIL, Respondent.

FORECLOSURE OF MORTGAGE—INTEREST—CORRECTION OF FINDINGS AND DECREE BY ORDER OF APPELLATE COURT—RELATION TO ORIGINAL DECISION.—In an action to foreclose a mortgage, a correction of the findings and judgment made by direction of the supreme court, by deducting certain items from the amount found due, is not a new "decision" of the superior court upon the issues; but the corrected findings and judgment entered thereupon would relate to the time when the findings were originally filed, for the purpose of the computation of interest upon the "decision of the court from the time it was rendered or made," as provided for in section 1035 of the Code of Civil Procedure, and the allowance of interest on the corrected amount only from the date of the correction is erroneous.

ID.—CONSTRUCTION OF CODE—DUTY OF CLERK AS TO INTEREST—RIGHTS OF PARTY—FORMULATION OF JUDGMENT BY COURT.—The provisions of section 1035 of the Code of Civil Procedure, requiring the clerk to include in the judgment entered up by him any interest on the verdict or decision of the court from the time it was rendered or made, create a right to such interest in the party in whose favor the decision was made, of which he is not to be deprived merely because the court formulates the judgment to be entered by the clerk, instead of leaving it to the action of the clerk alone.

ID.—SETTING ASIDE SALE MADE PENDING APPEAL—MODIFICATION AS TO AMOUNT DUE—RESTITUTION.—The sale of mortgaged property made pending an appeal by the mortgagor, upon which no stay bond was given, and upon which the judgment was not reversed, cannot be set aside by the superior court merely because, as the result of the appeal, the findings and judgment were directed to be modified as to the amount due, without direction of change as to the order of sale.   It cannot be said from that fact alone that the mortgagor has "lost" any property of which restitution is authorized to be made by setting aside the order of sale.

ID.—ABSENCE OF TENDER BY MORTGAGOR—SHOWING REQUIRED TO SET
ASIDE SALE—UNFAIRNESS—BENEFIT UPON RESALE.—In such case,
where the mortgagor does not tender to the mortgagee who
became the purchaser at the sale the amount of the modified
judgment, together with the costs incurred upon the original
sale, he must make it appear that there was some unfairness
in the sale, or that the property would upon a resale bring a
larger amount than at the first sale, before he can claim a right
to have the sale set aside.

ID.—SETTING ASIDE SALE UNDER MODIFIED JUDGMENT—APPEAL—PRIOR
SALE.—The court could not take action to set aside the prior sale
by reason of the entry of its modified judgment, which was de-
prived of effect by an appeal therefrom, and the enforcement
of which the court could not, in any event, be authorized to stay
by reason of what had occurred prior to its entry, and which
the court could have considered before its entry.

APPEAL from a judgment of the Superior Court of San
Joaquin County and from an order setting aside a sale under
foreclosure of a mortgage. Edward I. Jones, Judge.

The facts are stated in the opinion.

James A. Louttit, and Minor & Ashley, for Appellant.

P. J. Hazen, and Nicol & Orr, for Respondent.

VAN DYKE, J.—After further consideration of this case
we have come to the same conclusion arrived at in Department
One, and adopt the opinion therein filed July 3, 1899, as the
opinion of the court in Bank, as follows:

1. Upon the trial of this cause the court found that the plain-
tiff was entitled to judgment in his favor in the sum of $7,-
668.12, and that the same was a lien upon the lands described
in the complaint, and directed a sale thereof. The findings of
fact were filed March 16, 1895, and judgment thereon entered
March 18, 1895. An appeal from the judgment was dismissed
by this court March 6, 1896 (*Barnhart v. Edwards*, 111 Cal.
428), and the *remittitur* thereon filed in the superior court April
22, 1896. Upon an appeal from the order denying a new trial
this court made an order December 28, 1896, directing the su-
perior court to deduct certain items from the amount which it
found due to the plaintiff, with whatever interest had been al-
lowed for those items, and to make a corresponding amendment

of its conclusions of law, and added: "The order denying a new trial will thereupon be affirmed. Judgment will then be entered in accordance with the findings thus corrected." After receiving the *remittitur* containing this direction the superior court, upon motion of the respondent herein, made an order September 3, 1897, correcting its finding of fact by deducting therefrom the sum of $2,109.43—the amount of said items and interest thereon—and amended its conclusion of law to read as follows, viz.: "That plaintiff is entitled to judgment against defendant R. L. Edwards, as administrator of the estate of E. C. Vancil, deceased, in the sum of $5,558.69; that said sum is a valid, existing lien upon the lands and premises in plaintiff's complaint described, and is secured by the mortgage mentioned in said complaint." On the same day the court caused to be entered a "corrected judgment and decree," reciting therein that, having "corrected its findings and amended its conclusions of law" as directed by this court, it "proceeds to enter judgment in accordance with the findings as thus corrected," and thereupon ordered and decreed a sale of the mortgaged premises, and that out of the proceeds of said sale the sheriff pay to the plaintiff the sum of $5,558.69, "the amount now due for principal and interest upon the said debt and mortgage in the complaint and findings mentioned, with interest thereon at the rate of seven per cent per annum from the date of this decree." From the judgment thus entered an appeal was taken by the plaintiff September 15, 1897.

The direction of this court for the entry of judgment in accordance with the findings as corrected had reference to the ultimate act to be performed by the superior court, but did not prescribe the judgment which it should enter. The form of the judgment, including its various provisions, was left to the judgment of that court to be exercised with due regard to preserving and protecting the rights of the several parties thereto under appropriate and established principles of equity. If any change in the relation of the parties to the judgment or to the property involved therein had supervened pending the appeal, and was brought to the notice of the court, it was proper for it to adapt its judgment to such change so far as would be consistent with the rights of others and with recognized rules of procedure.

Section 1035 of the Code of Civil Procedure requires the clerk to include in the judgment entered up by him "any interest on the verdict or decision of the court from the time it was rendered or made." The "decision" of the superior court in the present case was made March 16, 1895, the day on which it filed its findings of fact. There was no subsequent trial of the issues before the court, nor did it make or file any new findings of fact. Its action in correcting its original findings was not its "decision" upon the issues, but was an act performed under the direction of this court, and the correction of the findings, as well as the judgment to be entered thereon, would relate to the time when the findings were originally filed. Under the findings as thus corrected there was due to the plaintiff March 16, 1895, upon the obligation secured by the mortgage, the sum of $5,558.69, and he was entitled to receive this amount with interest thereon from that date at the rate of seven per cent per annum. (See *Clark v. Dunnam,* 46 Cal. 205.) The recital in the judgment appealed from that the sum of $5,558.69 is "now due" upon the obligation—i. e., September 3, 1897, the date of its entry—is not in accordance with the findings, and the direction that the plaintiff shall receive interest on that sum from that date only is in contravention of the provisions of section 1035 of the Code of Civil Procedure. The provisions of this section create a right to such interest in the party in whose favor the decision is made, and he is not to be deprived of that right because the court formulates the judgment to be entered by the clerk, instead of leaving it to the action of the clerk alone.

2. Upon the above-named appeal from the judgment of March 18, 1895, the appellant gave no undertaking to stay proceedings, and on December 14, 1895, the plaintiff caused the mortgaged lands to be sold in accordance with the judgment, and in June, 1896, after the time for redemption had expired, received a deed of conveyance therefor from the sheriff. October 13, 1897, the superior court made an order upon the motion of the respondent herein—to whom, prior to the commencement of the action, the original mortgagor had conveyed the lands subject to the mortgage—vacating and setting aside the sale by the sheriff, and directing that he be restored to the posses-

sion of the premises so sold; and, further, that the plaintiff, within ten days thereafter, account for the rents, issues, and profits received by him during the possession of the premises, the same to be applied in and credited to the judgment in his favor, and that until such accounting was had the execution of the judgment should be stayed. From this order the plaintiff has also appealed.

No argument has been made or authority cited in support of the latter portion of this order, and we are not aware of any principle of law by which it can be sustained. The judgment under which the sale was made had never been vacated or set aside, and the dismissal of the appeal therefrom had the effect to affirm the judgment. (Code Civ. Proc., sec. 955.) The direction by this court upon the appeal from the order denying a new trial, to deduct certain items from the amount found due to the plaintiff, rendered it incumbent upon the superior court to make its judgment correspond with such correction, and the further direction for the entry of judgment in accordance with such correction had the same effect. This was evidently the understanding of the respondent, since he stated in his notice of motion for an order modifying the judgment that by the judgment of this court the judgment of the superior court was "modified and directed to be modified." This court made no order setting aside or reversing the judgment appealed from, but its order was limited to a modification of the judgment in accordance with certain specific directions.

The rule is well settled in this state that upon the reversal of a judgment a sale to the plaintiff of the defendant's property for the satisfaction of the judgment in whole or in part will be set aside. The reason for this rule is that, as the plaintiff's claim to have the property sold depends upon the judgment, the reversal of the judgment destroys this claim, and takes away all right to retain the defendant's property. The reason for the rule ceases, however, when a judgment directing the sale of specific property, as in the case of the foreclosure of a mortgage to satisfy a lien thereon, is afterward modified on appeal by merely reducing the amount of the lien without changing that portion which directs a sale of the property. In such a case, unless the defendant tenders to the plaintiff the amount

which the judgment as modified declares he is entitled to receive from the sale of the lands, together with the costs incurred upon the original sale, it should be made to appear that there was some unfairness in the sale, or that the property would upon a resale bring a larger amount than at the first sale, before he could claim a right to have the sale set aside. (Freeman on Executions, sec. 347; *Jesup v. City Bank,* 15 Wis. 604; 82 Am. Dec. 703.) Section 957 of the Code of Civil Procedure authorizes the appellate court upon its modification of a judgment to make restitution of all property "lost" by the erroneous judgment, "so far as such restitution is consistent with protection of a purchaser of property at a sale ordered by the judgment," but if the judgment directing a sale of property to satisfy a lien is modified by merely reducing the amount of the lien, it cannot be said from that fact alone that the appellant has "lost" any property so as to authorize the sale to be set aside. (See *Yndart v. Den,* 125 Cal. 85.)

The superior court was not authorized to make the order appealed from by reason of its action in causing the judgment of September, 1897, to be entered. The plaintiff had appealed from that judgment, and from the order directing its entry prior to the making of this order, and thereby deprived the judgment of all effect as the basis of any action of the court dependent thereon. Moreover, the court would not have been authorized to stay the enforcement of this judgment upon the motion of the respondent by reason of anything that had occurred prior to its entry, and which could have been considered by the court before it was entered.

The action of the court in entering the judgment of September 3, 1897, and its order of October 13, 1897, are reversed. The order for the correction of the findings is affirmed.

Harrison, J., McFarland, J., and Garoutte, J., concurred.