Ex parte José María Franceschi et al., Petitioners and Appellants; López de Tord & Zayas Pizarro, Interveners and Appellees.

No. 7610. Argued November 15, 1937.—Decided April 20, 1938.

*H. G. Molina* and *Ramón A. Gadea* for appellants. *V. Zayas Pizarro* pro se, and *E. Arjona Siaca* for Attorney López de Tord and Banco de Ponce as the latter's assignee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In October 1934, a district court fixed the amount of certain attorney's fees at $68,000. Of this amount the attorneys had already received $28,000 paid to them by a judicial administrator pursuant to previous orders of the court. Hence the court ordered payment of an additional $40,000. Both parties to the controversy appealed from this order. The attorneys later dismissed their appeal. The appeal perfected by their clients, certain executors, was prosecuted to final judgment. By that judgment the order of the district court was modified and, as modified, affirmed. The only modification was a reduction in the total amount fixed by the district court and a corresponding reduction in the balance or difference between such amount and the amount previously received by the attorneys. This reduction amounted to something less than one-third of the total amount fixed by the district court.

The executors promptly deposited in the district court $22,000 as the balance due under the modified judgment. The attorneys moved for an order directing the secretary to issue a writ of execution which should include interest at 6 per cent

on the $22,000 from October 29, 1934,—the date of the original judgment in the district court—until paid. The district judge ordered payment of interest from the date of the original judgment.

Appellants say that the district court erred: in ordering payment of interest as aforesaid; in not holding that the judgment rendered on the previous appeal was a *finiquito* which left the executors under no obligation other than that of paying the $22,000 allowed by that judgment; in basing its judgment on sections 341 and 240 of the Code of Civil Procedure and 1649 and 1650 of the Civil Code (1930 ed.) and on the following cases:

*Hernández Mena* v. *Foote*, 22 P.R.R. 705; *Glenn* v. *Rice*, 174 Cal. 270; *Estate of Olivera*, 70 Cal. 185; *Clark* v. *Dunnam*, 46 Cal. 204; and *Barnhart* v. *Edwards*, 128 Cal. 572.

The gist of the argument for appellants is: that the claim for attorney's fees was an unliquidated claim; that the interest, if any, on the judgment of the district court must be presumed to have been included in the judgment rendered on the previous appeal; that the right to interest on unpaid judgments in Puerto Rico emanates from section 1649 of the Civil Code (1930 ed.) and by the terms of section 1061, the right arises only when the defendant is "in default"; that in the instant case the executors, having appealed from the judgment, were never in default within the meaning of that phrase as used in section 1061 and the amount of their obligation was not fixed and determined by the judgment of the district court but by the judgment of this Court; that "when the law and the precedents conflict, the courts should follow the law."

It may be conceded that in Spain interest would not be allowed on the judgment after appeal therefrom and during the pendency of such appeal, even though the judgment should be affirmed. See Fischer *Los Daños Civiles y su Reparación*, 125, 289; Decision of the Supreme Court of Spain of June 13, 1921, 153 *Jur. Civ.* 352. The trend of authority in the

United States may be found in 33 C. J. 247, 248, sections 159, 160, and 161.

We cannot assume with appellants that the right to interest emanates from section 1649 of the Civil Code, to the exclusion of sections 341 and 240 of the Code of Civil Procedure. In *Hernández Mena v. Foote, supra,* this court said:

"Section 341, cited by the lower court, provides that the secretary must include in the judgment entered by him any interest on the judgment of the court from the time it was rendered. The right to recover such interest was created by said section 341 and it is a ministerial duty of the secretary to include the same. So although the judgment did not expressly provide for the payment of such interest, it was the duty of the secretary to enforce recovery thereof, even though it was not included in the decision of the court. *Golden Gate Company* v. *Joshua Hendy Machine Works,* 82 Cal. 184; *San Joaquín Land, etc., Company* v. *West,* 99 Cal. 345, and *Barnhart* v. *Edwards,* 128 Cal. 572."

In *Barnhart* v. *Edwards, supra,* the Supreme Court of California, referring to section 1035 of the California Code of Civil Procedure, said:

". . . The provisions of this section create a right to such interest in the party in whose favor the decision is made, and he is not to be deprived of that right. because the court formulates the judgment to be entered by the clerk, instead of leaving it to the action of the clerk alone."

In *San Joaquín Land & Water Co.* v. *West, supra,* we find the following:

". . . We think it was the duty of the clerk to enter the judgment exactly as it was entered, and his insertion of the interest clause therein was an exercise of a ministerial duty under the law."

Our conclusion is that section 341 of the Code of Civil Procedure creates the right to have interest at the legal rate included in a money judgment. Section 1649 of the Civil Code merely fixes the rate.

■■ By the express provision of section 341 the interest to be included by the secretary "in the judgment entered up

by him" runs "from the time it was made" not from the time when it may be affirmed, or modified and as modified affirmed, by this court on appeal. It is a plain case of *lex scripta.* If there be any conflict between that provision and the sections of the Civil Code relied on by appellants, the later law must prevail.

In *Hernández Mena* v. *Foote, supra,* the judgment contained no provision for interest. The first mention of interest was made in the writ of execution issued by the secretary after this court had affirmed the judgment. The district court denied the motion to quash the writ and this court refused to issue a writ of certiorari. Unless the doctrine of that case is to be repudiated as unsound, the interest is by force of law a part of the judgment, whether expressly included therein or not, and may be included in the writ of execution even though not included either by the secretary or by the district judge in the judgment.

Whether the order or judgment of the district court as modified and affirmed was the judgment of this court or whether it remained *pro tanto* as the order or judgment of the district court is not a pivotal point. No question of interest was raised on the previous appeal. This court did not pass upon that question. Even if the judgment of the district court had provided for interest, it is not probable that this court on reducing the amount of attorney's fees would have further modified the judgment by striking the provision for interest from the date of rendition in the district court. It may be conceded that the district court could not modify or add to its judgment after modification and affirmance by this court. But, if the provision for interest was already by force of law, a necessary part of the judgment from the date of its rendition in the district court, then the district judge added nothing by ordering that the executors should increase the amount of their deposit so as to include interest. The result would have been the same if the district judge had merely granted the motion for an order directing the secret-

ary to issue a writ of execution for an amount which would include interest, or if the secretary had issued such a writ without any motion or order of the court.

The brief for appellants has failed to convince us that the case of *Hernández Mena* v. *Foote* should be overruled.

The order appealed from must be affirmed.

Mr. Justice Travieso took no part in the decision of this case.