José María Franceshi et al., peticionarios y apelantes, Ex Parte. López de Tord & Zayas Pizarro, interventores y apelados.

Núm. 7610.—*Sometido:* Noviembre 15, 1937. *Resuelto:* Abril 20, 1938.

*H. G. Molina* y *Ramón A. Gadea*, abogados de los apelantes; *V. Zayas Pizarro, pro se; E. Arjona Siaca*, abogado del Sr. López de Tord y del Banco de Ponce como cesionario de éste.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

En octubre de 1934, la corte de distrito fijó la cuantía de ciertos honorarios de abogado en $68,000. De esta suma los letrados ya habían recibido $28,000 pagádosles por un administrador judicial de conformidad con órdenes anteriores de la corte. En su consecuencia, la corte ordenó el pago de $40,000 adicionales. Ambas partes litigantes apelaron de esta resolución. Más tarde los letrados desistieron de su recurso. La apelación perfeccionada por sus clientes, ciertos albaceas, fué proseguida hasta que se dictó sentencia final. Mediante esa sentencia la orden de la corte de distrito fué modificada, y, así modificada, confirmada. La única modificación consistió en la rebaja de la cuantía total fijada por la corte de distrito y en la correspondiente rebaja en el saldo o balance entre tal suma y el importe previamente recibido por los abogados. Esta rebaja ascendía a algo menos de la tercera parte del importe total fijado por la corte de distrito.

Los albaceas depositaron prontamente en la corte inferior la suma de $22,000 como saldo adeudado bajo la sentencia modificada. Los letrados solicitaron se expidiera una orden dirigida al secretario para que este funcionario expidiera un auto de ejecución que incluyera intereses al 6 por ciento sobre los $22,000 a partir de octubre 29 de 1934, fecha en que se dictó la sentencia original por la corte de distrito, hasta su definitivo pago. El juez de distrito ordenó se paga-

ran intereses a partir de la fecha en que se dictó la sentencia original.

Los apelantes alegan que la corte de distrito cometió error: al ordenar el pago de intereses en la forma antes dicha; al no resolver que la sentencia dictada en el recurso de apelación anterior era un finiquito bajo el cual los albaceas no tenían otra obligación que la de pagar los $22,000 concedidos por la sentencia; al basar su sentencia en los artículos 341 y 240 del Código de Enjuiciamiento Civil y 1649 y 1650 del Código Civil (edición de 1930), y en los siguientes casos: *Hernández Mena* v. *Foote,* 22 D.P.R. 759; *Glenn* v. *Rice,* 174 Cal. 269, 270; *Estate of Olivera,* 70 Cal. 184, 185; *Clark* v. *Dunnam,* 46 Cal. 205; *Barnhart* v. *Edwards,* 128 Cal. 572.

La médula del argumento de los apelantes es: que la reclamación de honorarios de abogado era una reclamación ilíquida; que los intereses, de haberlos, sobre la sentencia dictada por la corte de distrito, debe presumirse que han sido incluídos en la sentencia dictada en la apelación anterior; que el derecho a intereses sobre sentencias no pagadas en Puerto Rico emana del artículo 1649 del Código Civil (edición de 1930) y que de conformidad con los términos del artículo 1061 el derecho surge tan sólo cuando el demandado incurre "en mora"; que en el presente caso, habiendo los albaceas apelado de la sentencia, nunca incurrieron en mora dentro del significado de esa frase según la misma es usada en el artículo 1061, y que la cuantía de su obligación no fué fijada y determinada por la sentencia de la corte de distrito sino por la sentencia de este tribunal; que "cuando la ley y los precedentes están en conflicto, las cortes deben atenerse a la ley."

Podría admitirse que en España no se conceden intereses sobre la sentencia una vez apelada y mientras se halla pendiente tal recurso, aunque se confirme la sentencia. Véanse Los Daños Civiles y su Reparación, de Fischer, 125, 289; Decisión de la Corte Suprema de España de 13 de junio de 1921, 153 Jur. Civ. 352. La tendencia de las autoridades en los

Estados Unidos puede hallarse en 33 C.J. 247, 248, secciones 159, 160 y 161.

No podemos asumir con los apelantes que el derecho a percibir intereses emana del artículo 1649 del Código Civil con exclusión de los artículos 341 y 240 del Código de Enjuiciamiento Civil. En *Hernández Mena* v. *Foote,* supra, este tribunal se expresó así:

"El artículo 341 citado por el juez inferior impone al secretario del tribunal el deber de incluir en el registro de la sentencia los intereses correspondientes a la misma desde la fecha en que se dictó: el derecho a esos intereses ha sido creado por el artículo 341 citado y es un deber ministerial del secretario, por lo que aunque la sentencia no condenó expresamente al pago de esos intereses, tenía el secretario el deber de que se hicieran efectivos aun cuando en la decisión rendida por el juez no se hubieran incluído. *Golden Gate Co.* v. *Joshua Hendy Machine Work,* 82 Cal. 184; *San Joaquín Land, etc., Co.,* v. *West,* 99 Cal. 345, y *Barnhart* v. *Edwards,* 128 Cal. 572."

En *Barnhart* v. *Edwards,* supra, la Corte Suprema de California, refiriéndose al artículo 1035 del Código de Enjuiciamiento Civil de California, dijo:

". . . . Las disposiciones de este artículo otorgan a la parte a cuyo favor se dictó la decisión, el derecho a percibir intereses, y no debe privársele de ese derecho por haber formulado la corte la sentencia que ha de registrar el secretario, en vez de permitir que éste por sí mismo lo haga."

En *San Joaquín Land & Water Co.* v. *West,* 99 Cal. 345, hallamos lo siguiente:

". . . . A nuestro juicio, el secretario estaba en el deber de registrar la sentencia exactamente en la forma en que lo hizo, y el incluir en ella la cláusula relativa a intereses equivalió al ejercicio de un deber ministerial impuéstole por la ley."

Nuestra conclusión es que el artículo 341 del Código de Enjuiciamiento Civil concede el derecho a que se incluyan intereses al tipo legal en una sentencia en que se ordena el pago de dinero (*money judgment*). El artículo 1649 del Código Civil meramente fija el tipo de interés.

■■ De conformidad con las disposiciones expresas del artículo 341, los intereses que el secretario ha de incluir en la sentencia por él registrada serán pagaderos "desde la fecha en que se dictó," y no desde la fecha en que pueda ser confirmada o modificada, y así modificada, confirmada por este tribunal en apelación. Es un caso claro de *lex scripta*. De existir cualquier conflicto entre ese precepto y los artículos del Código Civil en que se basan los apelantes, la ley más reciente debe prevalecer.

■ En *Hernández Mena* v. *Foote,* supra, la sentencia no contenía cláusula alguna sobre el pago de intereses. La primera vez que se mencionaron los intereses fué en el mandamiento de ejecución expedido por el secretario después de este tribunal haber confirmado la sentencia. La corte de distrito declaró sin lugar la moción solicitando se anulara el mandamiento de ejecución y este tribunal se negó a expedir un auto de *certiorari*. A menos que la doctrina de ese caso deba ser repudiada por incorrecta (*unsound*), los intereses, por ministerio de ley, forman parte de la sentencia, ora se incluyan en ella expresamente o no, y pueden ser incluídos en el mandamiento de ejecución aunque no se hayan incluído ni por el secretario ni por el juez de distrito en su sentencia.

Si la resolución o sentencia de la corte de distrito tal como fué modificada y confirmada era la sentencia de este tribunal, o si ella continuó *pro tanto* como la resolución o sentencia de la corte de distrito, no es cuestión fundamental. En la apelación anterior no se suscitó cuestión alguna sobre intereses. Este tribunal no la consideró. Aún si la sentencia de la corte de distrito hubiera dispuesto el pago de intereses, no es probable que este tribunal, al reducir el importe de tales honorarios, hubiera además modificado la sentencia eliminando de ella el pago de intereses a partir de la fecha en que la corte de distrito dictó su sentencia. Puede admitirse que la corte de distrito no podía modificar o adicionar su sentencia después de haber sido modificada y confirmada por este tribunal. Mas si la inclusión de intereses formaba ya por ministerio de

ley parte necesaria de la sentencia desde la fecha en que se dictó por la corte inferior, entonces el juez de distrito nada agregó al ordenar que los albaceas debían aumentar la cuantía de su depósito para que incluyera los intereses. El resultado habría sido el mismo si el juez de distrito meramente hubiera concedido la moción en que se solicitaba una orden dirigida al secretario para que este funcionario librara un mandamiento de ejecución por una suma que incluyera intereses, o si el secretario hubiese expedido tal mandamiento sin que hubiera una moción u orden de la corte de distrito.

El alegato de los apelantes ha dejado de convencernos de que el caso de *Hernández Mena* v. *Foote* debe ser revocado.

*Debe confirmarse la resolución apelada.*

El Juez Asociado señor Travieso no intervino.