Oscar F. Bravo y The Mayagüez Sugar Co., peticionarios, *v.* Corte de Distrito de Mayagüez, Hon. Francisco Navarro Ortiz, Juez, demandada.

Núm. 1280.—*Sometido:* Abril 13, 1942.  *Resuelto:* Abril 20, 1942.

*José R. Gelpí,* abogado de los peticionarios; *Miguel A. García Méndez* y *José Sabater,* abogados de los interventores, demandados en el pleito principal.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

En la acción sobre sentencia declaratoria establecida por

Oscar F. Bravo y The Mayagüez Sugar Company, Inc. en contra de Robert Heinrich Hau Schnabel *et als.* y por la que se interesaba que al interpretarse una cláusula del contrato de arrendamiento existente entre las partes se resolviera que 25 cuerdas de cañas que habían al vencer dicho contrato pertenecían a la compañía demandante, la Corte de Distrito de Mayagüez dictó sentencia declarando sin lugar la demanda y condenando a los demandantes al pago de las costas y $500 de honorarios de abogado. Apelada la sentencia fué modificada por esta Corte Suprema rebajándose a $300 dichos honorarios y así modificada se confirmó. Asimismo el recurso interpuesto por los demandantes en cuanto al memorándum de costas aprobado por la corte inferior ascendente a $43 fué desestimado. Véase 59 D.P.R. 696.

Durante la vigencia de dicho pleito se había nombrado un síndico para que se hiciera cargo de cortar y moler las cañas de azúcar sembradas en las 25 cuerdas, las que produjeron $1,015.18, siendo depositada dicha suma en poder del síndico.

Al enviarse el mandato de esta Corte a la de Mayagüez, los demandantes inmediatamente dieron cumplimiento a la sentencia y consignaron a favor de los demandados la suma de $343 importe de las costas y honorarios. Posteriormente los demandados radicaron ante la corte inferior una moción solicitando se les entregaran los $1,015.18 en que habían sido vendidas las cañas y además que se condenara a los demandantes a pagarles $60.91 en concepto de intereses al tipo legal sobre dicha suma. Los demandantes se allanaron a la entrega de la suma principal pero se opusieron a la reclamación de los intereses, alegando que ni en la sentencia de la corte inferior ni en la dictada por esta Corte Suprema en apelación se les había condenado al pago de intereses y además que la corte inferior carecía de jurisdicción para concederlos.

Celebrada una vista la corte inferior dictó resolución declarando con lugar la moción de los demandados en su tota-

lidad y, para revisar la misma, los demandantes radicaron este recurso de *certiorari*. Expedido el auto correspondiente los demandados en el pleito principal radicaron un escrito de oposición y señalada la vista se celebró sin asistencia de las partes las que han sometido el mismo por medio de alegatos.

■■ La corte inferior fundamentó su resolución en esta forma:

"'Es indudable que los demandados han sufrido el perjuicio de no haber podido disponer del importe del azúcar que produjo la referida plantación de caña de su propiedad desde que se radicó la demanda hasta la fecha en que estamos resolviendo esta moción.

"El artículo 341 del Código de Enjuiciamiento Civil vigente, dice:

"'Artículo 341.—(1035 Cal.) El secretario incluirá en el registro de la sentencia los intereses correspondientes a la misma desde la fecha en que se dictó, y las costas, si se hubieren tasado o calculado; y dentro de dos días después de haberse tasado o calculado, si no se hubieren incluído en la sentencia, las insertará en el espacio en blanco que se habrá dejado en dicha sentencia para ello, y hará análoga ·inserción de dichas costas en las copias de aquélla y en el libro de registro de sentencias.'

"Interpretando este artículo dijo nuestro Tribunal Supremo lo siguiente:

"'Intereses—Sentencias—Intereses Desde la Fecha de la Sentencia—Deber del Secretario.—El artículo 341 del Código de Enjuiciamiento Civil impone al secretario del tribunal sentenciador el deber de incluir en el registro de la sentencia, y por tanto en el mandamiento para la ejecución de ésta, los intereses correspondientes a la misma desde la fecha en que se dictó, aun cuando en la decisión rendida por el juez no se hubieran incluído. *Hernández Mena* v. *Foote, Juez de Distrito*, 22 D.P.R. 759.' "

Somos de opinión que ni el artículo 341 del Código de Enjuiciamiento Civil, ni el caso de *Hernández Mena* v. *Foote, Juez*, son de aplicación a los hechos del caso de autos. La sentencia aquí dictada no era por suma líquida alguna sobre la cual pudiera el secretario de la corte incluir, a los dos días de dictada y al registrar la misma, los intereses corres-

pondientes. El artículo 341 se refiere a casos en que de la propia sentencia aparece una suma sobre la cual pueda el secretario calcular los intereses, como sucedió en el caso de *Hernández Mena* v. *Foote,* supra, en el que se concedieron $2,000 de daños y perjuicios.

Al comentar el artículo 1035 del Código de Enjuiciamiento Civil de California, equivalente al 341 del nuestro, en 14 Cal. Jur. 945, se hace referencia al tópico sobre "interest" página 676, en el que expresamente se dice que: "ha sido la jurisprudencia constante que todas las sentencias finales en reclamación de dinero conlleven el pago de intereses. . . . " Así, por ejemplo, en el caso de *Estate of Lockhart,* 21 Cal. App. (2d).574, 69 P. (2d) 1001 se resolvió que: "por su propia naturaleza los intereses sólo pueden computarse sobre una sentencia concediendo una suma de dinero (money judgment)."

Ratificando la regla establecida en el caso de *Hernández Mena* v. *Foote,* supra, y consistente con la jurisprudencia de California, esta Corte en el caso de *Franceschi Ex parte,* 53 D.P.R. 75 se expresó así:

"Nuestra conclusión es que el artículo 341 del Código de Enjuiciamiento Civil concede el derecho a que se incluyan intereses al tipo legal en una sentencia en que se ordena el pago de dinero (money judgment)."

La corte inferior ha querido tratar este caso como uno de daños y perjuicios, sin serlo, ya que en su resolución da por probado que los demandados "han sufrido el perjuicio de no haber podido disponer del importe del azúcar", pero no tomó en consideración el hecho de que los demandantes tampoco han podido disponer de dicho importe que estuvo siempre en poder del síndico nombrado por la corte. Si los demandados fueron o no perjudicados, es cuestión que no estaba envuelta en este caso ni fué objeto de la sentencia dictada por la corte inferior y confirmada en apelación. Cualquier reclamación que por dicho concepto deseen hacer, debe

ser objeto de otra acción, si procede. Bien se consideren los $60.91 como daños o como intereses, la corte inferior carecía de jurisdicción para concederlos en este caso.

La jurisprudencia citada por los demandados no es aplicable a los hechos de este caso pues ella se refiere a casos de mora en el cumplimiento de una obligación en los que se ha resuelto que "la indemnización de daños y perjuicios consistirá, a falta de convenio, en el interés legal".

*Debe declararse con lugar la petición y, en su consecuencia, anularse la resolución dictada por la corte inferior el 26 de febrero de 1942.*