Núm. 7981.—CONCEPCIÓN ET AL., apltes. *v.* LATONI, apldo.— Julio 26, 1940.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

POR CUANTO, en *Concepción* v. *Latoni,* 51 D.P.R. 564, esta Corte dictó la siguiente:

''SENTENCIA

''San Juan, Puerto Rico, mayo 26, 1937.

''Por los fundamentos consignados en la anterior opinión se modifica la sentencia apelada que dictó la Corte de Distrito de San Juan en octubre 11, 1934, en el sentido de dejar sin efecto aquella parte de la misma que declara sin lugar la reclamación de los demandantes por el importe de las rentas percibidas por el demandado y las que pudieron haber percibido los demandantes, y se devuelve el caso a la corte inferior para que proceda a abrirlo a prueba en cuanto a la reclamación sobre las rentas, requiriendo al demandado para que rinda cuenta de las rentas realmente percibidas por él desde la fecha de la radicación de la demanda y durante todo el tiempo de su posesión y dando oportunidad a los demandantes para presentar la evidencia que fuere pertinente para probar el valor de los frutos podidos percibir y que no hubieren sido percibidos por culpa, abandono o negligencia del demandado, y así modificada se confirma la sentencia recurrida.''

POR CUANTO, posteriormente la corte de distrito dictó una resolución que lee en parte como sigue:

"Cuando se llamó este caso para ser oídas las partes en cuanto a las rentas y frutos percibidos por el demandado, los demandantes pidieron al Tribunal que no se admitiera prueba en cuanto a los gastos en las fincas objeto de este procedimiento por concepto de contribuciones, reparaciones, agua, luz, limpieza, comisiones de cobro, zafacones, gastos judiciales y de seguros. Discutieron las partes esta cuestión y la parte demandante nos ha radicado un alegato para demostrarnos que estos gastos no tienen relación alguna con el concepto jurídico de frutos, citándonos de paso Manresa en sus comentarios y Sánchez Román. Hemos leído con mucha calma este alegato de la parte demandante y además las citas originales en los libros que bondadosamente nos prestara. El mismo Manresa establece ya que los gastos que no pueden considerarse como reembolsables, son aquéllos que no se dedican a la producción de la finca o además aquéllos que sean superfluos, excesivos o de puro lujo: tomo 3 pág. 149. Pero estudiando nosotros la opinión del Supremo, casi al final de la opinión, encontramos lo mismo que dice la sentencia, o sea que se requiere al demandado para que rinda cuenta de las cantidades realmente percibidas por él por concepto de los cánones de arrendamiento, y es natural que si él tiene que rendir cuenta por los cánones de arrendamiento, el demandado tiene que deducir de estos cánones de arrendamiento los gastos que necesariamente incurriera para mantener la finca en producción, esto es, en tales condiciones sanitarias que pudieran permitir se alquilasen y produjesen cánones de arrendamiento. Esto no empece para que los demandantes puedan presentar aquella evidencia que sea pertinente para probar el verdadero valor de los frutos percibidos o aquéllos que no lo fueron por culpa, abandono o negligencia del demandado. Ya la misma sentencia del Supremo dice que los dueños de la finca estaban obligados a pagar la contribución impuesta y que aún siendo el demandado un poseedor de la misma, tiene derecho a reclamar los gastos en la conservación de las casas. De manera que el demandado no está impedido en absoluto de probar todos aquellos gastos realmente incurridos por él, sin perjuicio de que los demandantes puedan contraprobar cuáles gastos deben ser admitidos y cuáles no. Se declara sin lugar la moción verbal de los demandantes en cuanto a limitar el alcance de la prueba que debe traer el demandado."

POR CUANTO, los demandantes apelan de dicha resolución señalando como supuestos errores los siguientes:

"Primer error.—La Corte de Distrito de San Juan cometió error al conconfundir una cuestión de derecho procesal planteada por los demandantes apelantes con una cuestión de derecho substantivo que no tiene relación alguna con la cuestión planteada por los demandantes apelantes.

"Segundo error.—La corte inferior cometió error al permitir al demandado que reclamara gastos y desembolsos en un incidente de este pleito que solamente se refiere a las rentas realmente percibidas por el demandado no teniendo tales gastos ni desembolsos relación alguna con el concepto jurídico de frutos por no ser gastos de producción, conservación y recolección de los frutos a que se refiere el artículo 356 del Código Civil Español equivalente al 290 de Puerto Rico,

que son los únicos gastos de que habla nuestro Código Civil que están incluídos en el concepto jurídico de frutos.

"*Tercer error.*—La corte inferior ha desobedecido el mandato de este Hon. Tribunal y ha actuado sin jurisdicción al entrar en cuestiones que no caen dentro del referido mandato, permitiéndole al demandado reclamar gastos y desembolsos que debió haber reclamado en su contrademanda o en una contrademanda complementaria, si los quería reclamar dentro de este pleito; o en un pleito aparte; equivaliendo los actos de la corte inferior a permitirle al demandado introducirle a su contrademanda nuevas causas de acción después que ya este Hon. Tribunal había dictado sentencia firme y definitiva resolviendo todas las cuestiones envueltas en este pleito y devolviendo el caso solamente en cuanto al incidente relacionado con la tercera causa de acción de la demanda."

POR CUANTO, del argumento de los apelantes, si lo entendemos, se desprende que la cuestión de derecho procesal mencionada en el primer señalamiento, es la misma cuestión indicada en el tercer señalamiento, la cual no fué confundida, ni discutida, ni resuelta por la corte de distrito.

POR CUANTO, aparte de que los apelantes no nos han convencido que la corte de distrito erró al resolver que si el demandado "tiene que rendir cuenta por los cánones de arrendamiento, el demandado tiene que deducir de estos cánones de arrendamiento los gastos que necesariamente incurriera para mantener la finca en producción, esto es, en tales condiciones sanitarias que pudieran permitir se alquilasen y produjesen cánones de arrendamiento"—pudiendo la corte resolver la cuestión de necesidad *vel non* después de presentada prueba en tal sentido por el demandado y contraprueba por los demandantes si alguna tuvieran—y en todo caso, nos parece que la resolución apelada es inapelable.

POR TANTO, se desestima la apelación interpuesta contra la resolución que dictó la Corte de Distrito de San Juan en marzo 7, 1939.

El Juez Asociado Sr. De Jesús no intervino.