MODESTA CONCEPCIÓN COSME, ETC., Plaintiffs and Appellants, v. DEMETRIO LATONI PECUNIA, Defendant and Appellee.

No. 8547. Argued April 6, 1943.—Decided May 19, 1943.

*A. Casanova Prats* for appellants. *L. E. Dubón* and *Félix Ocho-teco, Jr.,* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

On May 26, 1937, this court entered judgment in the first appeal brought by the same appellants in the instant case, affirming the judgment entered by the District Court of San Juan but modifying it so as to set aside that part thereof dismissing the claim of the plaintiffs for the amount of the rents received by the defendant and those which plaintiff might have received during the time the defendant was in possession of the estate by virtue of the mortgage foreclosure proceeding annulled by the judgment appealed from. The case was remanded to the lower court with instructions to reopen it for the production of evidence with regard to the claims as to the rents, to compel the defendant to render an account of the rents actually received by him, and to give an opportunity to the plaintiff to present evidence tending to

show the value of the fruits that might have been received and were not received by reason of the blame, carelessness, or neglect of the defendant. *Concepción* v. *Latoni*, 51 P.R.R. 547.

By reason of the delays caused by the appeal filed in the Circuit Court of Appeals, brought prematurely by plaintiffs-appelants (*Cosme* v. *Márquez*, 94 F. (2d) 908), and by another appeal brought before this Supreme Court which was dismissed by a judgment of July 26, 1940 (*Concepción* v. *Latoni*, 57 *D.P.R.* 997 (*per curiam* decision), the hearing on the rendering of the accounts could not be held until December 3, 1940.

On June 25, 1941, the lower court stated in its findings of fact and opinion that, according to the evidence of the defendant, the latter had received a total of $8,012.38, and spent a total of $3,485.77 for collection commissions, water, cleaning, repairs, returned guaranty deposits, light, ejection of tenants, taxes, and insurance policies, there remaining a net balance to his credit of $4,526.61. The lower court was not convinced as to the right of defendant to deduct the amount of $284.10, paid for hurricane and fire insurance policies, and did not approve said item, thus raising the net amount received by the defendant from July 21, 1932, to April 24, 1936 to $4,810.71. The amended judgment entered on June 21, 1941 annuls the mortgage foreclosure proceeding filed by Demetrio Latoni against Modesta Concepción Cosme and her sons, and the deed of sale executed by the marshal; orders defendant Latoni to pay to plaintiffs the amount of $4,810.71, for the rents received by him and claimed by the plaintiffs; and grants the counterclaim filed by Latoni, ordering the mortgagees, Modesta Concepción Cosme and sons to pay $8,500 which was the amount of the mortgage loan, plus $510 interest to April 1932, plus $661.23 for taxes paid for said estate and $2,500 for repairs, that is, a total of $12,171.22, without special imposition of costs.

It is against said judgment that plaintiffs have brought the present appeal, charging the lower court with the commission of forty-two errors.

The issues raised by the first seven assignments have already been considered and decided by this court against appellants in their previous appeals, 51 P.R.R. 547. Appellants having failed to adduce any reason or legal argument which would oblige us to modify the said judgment, it is hereby affirmed.

■ By assignments eight to nineteen, inclusive, appellants complain that the lower court allowed the defendant to deduct from the total amount of the rents received by him the following expenses and disbursements:

*House No. 4, Las Monjas Alley:*

| | |
|---|---|
| Taxes | $360.62 |
| Collection commissions | 364.72 |
| Cleaning expenses | 176.00 |
| Repairs | 94.18 |
| Water consumption | 283.65 |
| Garbage cans | 4.00 |
| Ejection expenses | 100.00 |

*House No. 70, San Sebastián Street:*

| | |
|---|---|
| Light | 66.00 |
| Taxes | 650.34 |
| Collection commissions | 441.08 |
| Cleaning expenses | 176.00 |
| Repairs | 102.56 |
| Water consumption | 256.50 |
| Garbage cans | 8.00 |
| Judicial expenses | 70.00 |
| Total | $3,153.65 |

Appellants argue that the above expenses and disbursements have no relation whatsoever with the legal concept of fruits, as they are not the expenses incurred in the production, preservation, and gathering of fruits, to which §356 of the Spanish Civil Code, equivalent to §290 of our Code,

refer; and that the lower court acted without jurisdiction and disobeyed the mandate of this court in permitting the defendant to claim expenses and disbursements which he should have claimed in his counterclaim or in a separate action.

These same questions were raised by appellants and decided against them in the appeal brought by them against the order of the lower court sustaining the admissibility of the evidence as to the expenses incurred by defendant while in possession of the estate. See 57 *D.P.R.* 997 (*per curiam* decision).

Section 290 of the Civil Code provides that "the receiver of fruits is obliged to pay the expenses incurred by a third person in their production, gathering and preservation." In his Commentaries on §356 of the Spanish Code, Manresa states:

". . . The owner cannot excuse himself alleging the lack of good faith of the third party, because whether it be of *bona* or *mala fides*, the fact is that he has incurred in expense, not only useful to the owner, but also necessary, and without which the owner would not have obtained fruits from his property, it also resulting that, if no indemnity were granted, the unjust principle that one can be benefited at the expense and injury of another, would be established. . .

"The expenses of production, etc., in order that they may be considered reimbursable to the owner . . must have two characteristics: first, that they must be dedicated to annual production, . . . and second, that they are not superfluous, excessive or purely luxurious, but that they must be done according to the natural measures required by the condition of the tillage or the work to be done." Vol. 3, pp. 181 and 182.

Section 382 of the Civil Code grants every possessor, whether *bona* or *mala fides*, the right to be paid for the necessary and useful expenses; but only the *bona fide* possessor can retain the thing, until said expenses have been satisfied. According to §§383 and 384, no possessor can demand the reimbursement of expenses incurred in improvements for luxury and pleasure. A possessor in bad faith

shall pay for the fruits collected, and for those which a lawful possessor may have collected, and shall only have the right to be reimbursed, for the necessary expenses incurred in the preservation of the thing.

There is no doubt that the expenses and disbursements herein claimed were useful and necessary for the preservation of the houses, as well as for keeping them in the sanitary and safe condition necessary in order that they might be rented and produce rentals. If plaintiffs had been in possession of both houses during the time that defendant possessed them, he would certainly have had to make the same expenditures. The taxes paid are the same as fixed by law. The charges for consumption of light and water are those fixed by the tariffs approved by competent authority. The commissions of ten per cent paid for collection of the rentals are the same that are customarily paid to collectors. All the other expenses are; in our opinion, useful and necessary, and the amounts paid seem to us very reasonable. The lower court did not err in ordering that the defendant is entitled to be reimbursed for said expenses. To hold the contrary would be to allow plaintiffs to be benefited at the expense and to the injury of the defendant.

By the thirtieth assignment appellants complain that the lower court did not take the testimony of witnesses Joaquín Padín and Prudencio Collazo, as a basis to determining the rents that the houses should have produced.

Upon examining and weighing the testimony of the abovementioned witnesses, the lower court expressed itself in the following terms:

". . . To oppose the accounts of the defendant, the plaintiff presented in the first place the testimony of Prudencio Collazo and Joaquín Padín. The former testified in general terms as to the rent of one of the houses from April 25, 1926 to date, and on the other from 1937 to 1939. Padín testified as to what the houses rented for in 1929. The important fact, of course, is to know what the houses rented or should have rented for from 1932 to 1936.

There is no evidence to show us that the conditions existing in 1929 or in 1939 or in 1937 were the same as those existing from 1932 to 1936. According to these witnesses, one of the houses could have rented for $149.00, and the other for $122.00 in 1937, and for $155.00 and $121, respectively, in 1929.. These are the maximum rentals without deducting the losses for vacancy and lack of payment. Witness Prudencio Collazo tells us that the losses for those reasons are not more than 8 or 10 per cent. The plaintiff could have introduced evidence as to the rent actually received from 1936 to date, but she did not do so. She only introduced estimates of the maximum rent and of the percentage of loss for vacancies and lack of payment. We cannot reject the detailed accounts rendered by the defendant and base our finding exclusively on vague estimates which seem to us excessive, when evidence more worthy of credit could have been introduced, but was not.''

█ Assignments thirty-first to thirty-sixth refer to the are of the opinion that the findings of the lower court are justified.

█ Assignments thirty-first to thirty-sixth refer to the value and the credit the court *a quo* gave to the accounts presented by the defendant and the testimony of witnesses Francisco Rivera Collazo and Mercedes Sanzs.

The appellants used twenty pages of their brief in an extended argument to convince us that the evidence offered by the defendant is insufficient and that the book and accounts introduced by the defendant were fabricated after judgment was entered by this court remanding the case to the lower court. The defendant was under the obligation to render an account of the rents actually received by him during the time he was in possession of the houses. In order to comply, he offered the testimony of Francisco Rivera Collazo, his attorney in fact, administrator and collector, who testified that he was the one who administered the houses, collected the rents and paid the expenses and disbursements during the time the defendant was in possession of the houses; that he knows the accounts for income

and expenses rendered by the defendant and that he swears that said accounts are true. The court *a quo* had Mr. Rivera Collazo before it, heard him testify, put numerous questions to him, and arrived at the conclusion that he must be given complete credit. We have not had that opportunity. Neither have we been able to find in the transcript of the evidence any basis on which to justify the charge that the accounts rendered are fraudulent. Under such circumstances our interference with the discretion granted by law to the judge of the lower court would be arbitrary and unjustified.

██ Of the other assignments, we shall consider only the thirty-seventh. Appellants allege that the lower court erred in failing to order the defendant to pay $5,457.10 for rental of the house in Las Monjas Alley and $6,990.50 for the house on San Sebastián Street.

The case was remanded in order that defendant could render an account of the amount actually received by him and in order that the plaintiffs would have an opportunity to show the amounts they would have really received and failed to·receive due to fault, abandonment, or negligence. The defendant proved that the net sum received by him amounted to $4,810.71 and the lower court ordered him to return it to plaintiffs. The latter alleged—but failed to prove—that each one of the houses could have produced a larger sum than the one that defendant admits having received. No evidence having been introduced to the effect that defendant could have collected greater sums and that if he did not collect them, this was due to negligence on his part, the lower court was obliged to enter the judgment it did.

The judgment must be affirmed.