MODESTA CONCEPCIÓN COSME, ETC., demandantes y apelantes, *v.* DEMETRIO LATONI PECUNIA, demandado y apelado.

Núm. 8547.—*Sometido:* Abril 6, 1943. *Resuelto:* Mayo 19, 1943.

*A. Casanova Prats,* abogado de los apelantes; *L. E. Dubón* y *Félix Ochoteco, Jr.,* abogados del apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

En mayo 26 de 1937, este tribunal dictó sentencia en el primer recurso de apelación interpuesto por los mismos aquí apelantes, confirmando la sentencia dictada por la Corte de Distrito de San Juan, pero modificándola en el sentido de dejar sin efecto aquella parte de la misma que declaraba sin lugar la reclamación de los demandantes por el importe de las rentas percibidas por el demandado y las que pudieron haber percibido los demandantes durante el tiempo en que el demandado estuvo en posesión de las fincas por virtud del procedimiento ejecutivo hipotecario declarado nulo por la misma sentencia recurrida. El caso fué devuelto a la corte inferior con instrucciones de abrirlo a prueba en cuanto a la reclamación sobre las rentas, requiriendo al demandado para que rindiera cuenta de las rentas realmente percibidas por él y dando una oportunidad a los demandantes para probar el valor de los frutos que ellos hubieran podido percibir y que no percibieron por culpa, abandono o negligencia del demandado. *Concepción* v. *Latoni,* 51 D.P.R. 564.

Por causa de las dilaciones motivadas por el recurso de apelación para ante la Corte de Circuito, interpuesto prematuramente por los demandantes apelantes (*Cosme* v. *Márquez,* 94 F. (2d) 908), y por otro recurso interpuesto también para ante esta Corte Suprema y desestimado por sentencia de julio 26, 1940 (*Concepción et al.* v. *Latoni,* 57 D.P.R. 997), la vista sobre rendición de cuentas no pudo celebrarse hasta el 3 de diciembre de 1940.

En junio 25 de 1941 la corte inferior hizo constar en su relación del caso y opinión que de acuerdo con la prueba del demandado éste había percibido un total de $8,012.38 y

gastado un total de $3,485.77 en comisiones de cobranzas, agua, limpieza, reparaciones, fianzas devueltas, luz, desahucios de inquilinos, contribuciones y pólizas de seguro, quedando a su favor un balance neto de $4,526.61. No estuvo convencida la corte inferior de que el demandado tuviese derecho a deducir la suma de $284.10 pagada por concepto de pólizas de seguros contra huracán e incendio y desaprobó dicha partida, elevando así a $4,810.71 la cantidad neta percibida por el demandado desde julio 21, 1932 a abril 24, 1936. La sentencia enmendada dictada en junio 25, 1941 declara nulos el procedimiento ejecutivo hipotecario establecido por Demetrio Latoni contra Modesta Concepción Cosme y sus hijos y la escritura de venta otorgada por el márshal; condena al demandado Latoni a pagar a los demandantes la suma de $4,810.71 por las rentas percibidas por él y reclamadas por los demandantes; y declara con lugar la contrademanda interpuesta por Latoni, condenando a los deudores hipotecarios, Modesta Concepción Cosme e hijos, al pago de $8,500, importe del préstamo hipotecario, más $510 de intereses hasta abril 1932, más $661.23 por contribuciones pagadas sobre las fincas y $2,500 importe de reparaciones, o sea, un total de $12,171.22, sin especial condenación de costas.

Es contra dicha sentencia que los demandantes han interpuesto el presente recurso de apelación, en el que imputan a la corte sentenciadora la comisión de cuarenta y. dos errores.

Las cuestiones levantadas por los primeros siete señalamientos fueron ya consideradas y resueltas por esta corte en contra de los apelantes en el recurso anterior, 51 D.P.R. 564. No habiéndose aducido razón o argumento legal alguno que nos obligue a rectificar la opinión ya emitida, ésta debe quedar y queda confirmada por la presente.

Por los señalamientos octavo a vigésimonoveno, ambos inclusive, los apelantes se quejan de que la corte infe-

rior permitiese al demandado descontar del importe total de las rentas por él percibidas los siguientes gastos y desembolsos:

*Casa Núm. 4, Callejón de Las Monjas:*

| | |
|---|---:|
| Contribuciones | $360. 62 |
| Comisiones de cobro | 364. 72 |
| Gastos de limpieza | 176. 00 |
| Reparaciones | 94. 18 |
| Arbitrios de Agua | 283. 65 |
| Zafacones | 4. 00 |
| Gastos de desahucios | 100. 00 |

*Casa San Sebastián Núm. 70:*

| | |
|---|---:|
| Luz | 66. 00 |
| Contribuciones | 650. 34 |
| Comisiones de cobro | 441. 08 |
| Gastos de limpieza | 176. 00 |
| Reparaciones | 102. 56 |
| Arbitrios de Agua | 256. 50 |
| Zafacones | 8. 00 |
| Gastos Judiciales | 70. 00 |
| Total | $3, 153. 65 |

Arguyen los apelantes que los anteriores gastos y desembolsos no tienen relación alguna con el concepto jurídico de frutos, por no ser los gastos de producción, conservación y recolección de los frutos a que se refiere el artículo 356 del Código Civil Español, equivalente al 290 del nuestro; y que la corte inferior actuó sin jurisdicción y desobedeció el mandato de esta Corte Suprema al permitir al demandado reclamar gastos y desembolsos que debió haber reclamado en su contrademanda o en un pleito aparte.

Estas mismas cuestiones fueron levantadas por los aquí apelantes y resueltas en su contra en el recurso por ellos entablado contra la resolución de la corte inferior sosteniendo la admisibilidad de la prueba sobre los gastos incurridos por el demandado mientras estuvo en posesión de las fincas. Véase 57 D.P.R. 997.

El artículo 290 del Código Civil dispone que "el que percibe los frutos tiene la obligación de abonar los gastos hechos por un tercero para su producción, recolección y conservación." En sus Comentarios al artículo 356 del Código Español, dice Manresa:

". . . El propietario no puede excusarse alegando la mala fe del tercero, porque sea de buena o de mala fe, lo cierto es que éste ha hecho un gasto, no sólo útil para el propietario, sino necesario, y sin el cual el propietario no hubiera obtenido frutos de su fundo, resultando además que, de no mediar indemnización, se consagraría el injusto principio de que uno puede enriquecerse a costa y con daño de otro. . . .

"Los gastos de producción y demás, para que puedan conceptuarse reembolsables por el propietario . . . deben tener dos caracteres: primero, que estén dedicados a la producción anual, . . . Y segundo, que no sean superfluos, excesivos o de puro lujo, sino que deben ser hechos en aquella medida natural que la condición del cultivo o trabajo de que se trata exige." Vol. 3, págs. 181 y 182.

El artículo 382 del Código Civil concede a todo poseedor, ya sea de buena o de mala fe, el derecho a que se le abonen los gastos necesarios y los gastos útiles; pero sólo el poseedor de buena fe podrá retener la cosa hasta que se los satisfagan. De acuerdo con los artículos 383 y 384, ningún poseedor puede exigir que se le abonen los gastos de puro lujo o mero recreo. El poseedor de mala fe debe abonar los frutos percibidos y los que el poseedor legítimo hubiera podido percibir, y sólo tendrá derecho a ser reintegrado de los gastos necesarios hechos para la conservación de la cosa.

No cabe duda de que los gastos y desembolsos aquí reclamados eran útiles y necesarios para conservar las casas y mantenerlas en condiciones sanitarias y de seguridad para que pudiesen ser alquiladas y producir cánones de arrendamiento. Si los demandantes hubiesen estado en posesión de las dos casas durante el tiempo que las poseyó el demandado, seguramente hubieran tenido que incurrir en los mismos gastos en que incurrió el demandado. Las contribuciones

pagadas son las que la ley fija. Los cargos por consumo de luz y agua son los que fijan las tarifas aprobadas por las autoridades competentes. Las comisiones de 10 por ciento pagadas por cobros de los cánones de arrendamiento son las que habitualmente se pagan a los cobradores. Todos los demás gastos son a nuestro juicio útiles y necesarios y las cantidades pagadas nos parecen sumamente razonables. No erró la corte inferior al decretar que el demandado tiene derecho a que se le abonen dichos gastos. Sostener lo contrario sería permitir el enriquecimiento de los demandantes a costa y con daño del demandado.

■ Por el trigésimo señalamiento se quejan los apelantes de que la corte inferior no tomase las declaraciones de los testigos Joaquín Padín y Prudencio Collazo como base para determinar las rentas que debieron haber producido las casas.

Al examinar y pesar las declaraciones de los dos testigos mencionados, la corte sentenciadora se expresó en los siguientes términos:

". . . Para impugnar las cuentas del demandado, presentó en primer término la demandante las declaraciones de Prudencio Collazo y Joaquín Padín. Aquél declaró, en términos generales, sobre las rentas de una de las casas desde abril 25, 1936, hasta la fecha, y las de la otra desde el 1937 hasta el 1939. Padín declaró sobre lo que rentaban las casas en el 1929. Lo importante, desde luego, es saber lo que rentaban, o debían rentar, desde el 1932, hasta el 1936. No hay nada en la prueba que nos indique que las condiciones existentes en el 1929, o en el 1939, o en 1937, fueran iguales a las que imperaron desde el 1932 al 1936. Según estos testigos, una de las casas pudo haber rentado $149 y la otra $122 en el 1937, y $155 y $121, respectivamente en el 1929. Estas son las rentas máximas, sin descontar la pérdida por desalquiler y falta de pago. Nos dice el testigo Prudencio Collazo que las pérdidas por esos conceptos no pasan del 8 ó el 10 por ciento. Pudo la demandante habernos traído prueba en cuanto a las rentas realmente percibidas desde el 1936 hasta la fecha, y no lo hizo. Sólo nos trae estimados de la renta máxima, y del por ciento de pérdida por desalquiler y falta de pago. No podemos rechazar las cuentas detalladas rendidas por el deman-

dado a base solamente de estimados vagos, y que parecen ser exagerados, cuando se nos pudo traer y no se nos trajo prueba que fuese más digna de crédito.''

Hemos examinado detenidamente las citadas declaraciones y somos de opinión que las conclusiones a que llegó la corte inferior están justificadas.

Los señalamientos trigésimoprimero a trigésimosexto están relacionados con la apreciación que hizo la corte sentenciadora y el crédito que dió a las cuentas presentadas por el demandado y a las declaraciones de los testigos Francisco Rivera Collazo y Mercedes Sanzs.

Los apelantes dedican veinte páginas de su alegato a una extensa argumentación tendiente a convencernos de que la evidencia ofrecida por el demandado es insuficiente y de que el libro y las cuentas presentadas por el demandado fueron fabricados después de dictada la sentencia de esta corte devolviendo el caso a la inferior. El demandado tenía la obligación de rendir cuentas de las rentas realmente percibidas por él durante el tiempo que poseyó las casas. Para cumplirla, ofreció la declaración de Francisco Rivera Collazo, su apoderado, administrador y cobrador, quien declaró que fué él quien administró las casas, cobró las rentas e hizo los gastos y desembolsos durante el tiempo de la posesión de las casas por el demandado; que conoce las cuentas de ingresos y egresos rendidas por el demandado y que jura que dichas cuentas son ciertas. La corte sentenciadora tuvo ante sí al Sr. Rivera Collazo, le oyó declarar, le hizo numérosas preguntas y llegó a la conclusión de que debía darle, como le dió, entero crédito. Nosotros no hemos tenido esas oportunidades. Tampoco hemos podido encontrar en la transcripción de evidencia dato alguno que justifique la imputación de que las cuentas presentadas son fraudulentas. Bajo tales circunstancias, nuestra intervención con la discreción que la ley concede al juez sentenciador sería arbitraria e injustificada.

██ De los señalamientos restantes sólo consideraremos el trigésimoséptimo. Alegan los apelantes que la corte inferior erró al no condenar al demandado al pago de $5,457.10 por rentas de la casa del Callejón de las Monjas y $6,990.50 de la casa de la calle de San Sebastián.

El caso fué devuelto para que el demandado rindiese cuentas de las cantidades realmente percibidas por él y para que los demandantes tuviesen una oportunidad de probar las cantidades que ellos hubieran podido percibir y no percibieron por culpa, abandono o negligencia. Probó el demandado que la suma neta recibida por él ascendía a $4,810.71 y la corte inferior le condenó a devolverla a los demandantes. Alegaron éstos—mas no lo probaron—que cada una de las casas pudo haber producido una suma mayor que la que el demandado admite haber recibido. No habiéndose presentado prueba alguna de que el demandado pudo haber cobrado sumas mayores y que si no las cobró fué por descuido o negligencia de su parte, la corte inferior estaba obligada a dictar sentencia en la forma en que lo hizo.

*La sentencia debe ser confirmada.*