Modesta Concepción Cosme, Etc., demandantes y apelantes, *v.* Demetrio Latoni Pecunia, demandado y apelado.

Núm. 8930.—*Sometido:* Mayo 17, 1944. *Resuelto:* Mayo 31, 1944.

*Abelardo Casanova Prats,* abogado de los apelantes; *Dubón & Ochoteco,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Los antecedentes de este caso son los siguientes:

En octubre 11 de 1934 la Corte de Distrito de San Juan dictó sentencia declarando nulo el ejecutivo hipotecario y con lugar la contrademanda, condenando a los demandantes a pagar a su acreedor hipotecario un total de $12,171.22. Esta suma incluía los intereses devengados hasta abril de 1932. En mayo 26 de 1937, esta Corte Suprema modificó la sentencia recurrida en cuanto negaba a los demandantes el derecho a reclamar el importe de las rentas percibidas por los demandados mientras estuvieron en posesión de los inmuebles y la confirmó en cuanto a los demás pronunciamientos, devolviendo el caso a la corte inferior para que allí se practicara la correspondiente rendición de cuentas. *Concepción* v. *Latoni,* 51 D.P.R. 564, 582.

En 25 de junio de 1941, la corte inferior dictó una sentencia enmendada por la que condenó al demandado a pagar a los demandantes la suma de $4,810.71, por concepto de rentas recibidas, y condenó a los demandantes a pagar al demandado contra-demandante la cantidad total de $12,171.22. En mayo 19, 1943 confirmamos dicha sentencia en todas sus partes. *Concepción* v. *Latoni,* 62 D.P.R. 104. La apelación interpuesta por el demandado fué desestimada por la Corte de Circuito en noviembre 18 de 1943. La interpuesta por los demandantes está aún pendiente ante la Corte de Circuito.

En diciembre 21 de 1943, ambas partes litigantes presentaron ante la corte inferior una "Moción solicitando resolución aclaratoria de Sentencia", en la que hicieron constar que les había sido imposible ponerse de acuerdo en lo refe-

rente al pago de intereses sobre las cantidades que cada una de las partes debía pagar a la otra, de acuerdo con los términos de la sentencia original de octubre 11 de 1934 y los de la sentencia enmendada de junio 25 de 1941.

Alega el demandado que él tiene derecho a cobrar intereses al tipo legal de 6 por ciento, sobre $12,171.22 desde octubre 11 de 1934 hasta la fecha del pago.

Alegan los demandantes que la sentencia por $4,810.71 en contra del demandado no debe devengar intereses en caso de que se resuelva que tampoco debe devengarlos la sentencia a favor del demandado y en contra de los demandantes.

En abril 3 de 1944 la corte inferior resolvió:

(1) Que el demandado tiene derecho a intereses al 6 por ciento sobre los $12,171.22 desde octubre 11, 1934, fecha de la sentencia original, hasta octubre 1, 1941, fecha en que apeló de la sentencia enmendada; y desde noviembre 18, 1943, fecha en que el recurso fué desestimado hasta que se verifique el pago.

(2) Que los demandantes tienen derecho a intereses legales sobre la suma de $4,810.71 desde junio 25, 1941, fecha de la sentencia enmendada, hasta julio 7, 1941, fecha en que apelaron de dicha sentencia, y desde mayo 19, 1943, fecha en que la sentencia fué confirmada hasta su total pago.

No estuvieron conformes los demandantes y establecieron el presente recurso. Alegan que la corte inferior erró al no resolver que tanto la sentencia original como la enmendada excluyen el pago de intereses.

En la opinión que sirvió de base a la sentencia de octubre 11 de 1934, por la cual se declaró nulo el procedimiento ejecutivo hipotecario, la corte sentenciadora hizo constar lo que sigue:

"El importe del crédito adicional de $850.00 para gastos, costas y honorarios de abogado no estuvo incluído en la oferta hecha por el demandado en el acto de subasta y si bien se alega que tuvo que satisfacerlo, siendo nulo el procedimiento ejecutivo hipotecario, no puede

cargarse nada por ese concepto, ni por intereses desde la ejecución, porque las fincas pasaron indebidamente a manos del demandado y desde entonces se ha beneficiado de ellas. *Pontón* v. *Sucesores de Huertas y González,* 46 D.P.R. 796.''

La sentencia enmendada dictada en junio 25 de 1941 no contiene pronunciamiento alguno en cuanto al pago de intereses.

No tenemos duda de que cuando el juez sentenciador dispuso en su sentencia original que los demandantes no tendrían que pagar intereses sobre la suma total que debían pagar al demandado, lo hizo así porque creyó que sería injusto conceder al demandado esos intereses y también permitirle conservar para sí las rentas producidas por las fincas mientras estuvieron ocupadas ilegalmente, por el mismo demandado. La corte había cometido el error de negar a los demandantes el derecho a exigir que se le devolviesen esas rentas; y el error hubiese llegado a su grado máximo si, además de negarles ese derecho, se les hubiese condenado a pagar intereses. Subsanado ese error, de acuerdo con los términos de nuestra sentencia de mayo 26 de 1937, la corte inferior dictó su sentencia enmendada de junio 25 de 1941 y en ella se limitó a condenar al demandado a pagar a los demandantes la suma de $4,810.71 ''por concepto de las rentas reclamadas en la tercera causa de acción'', y a los demandantes a pagar al demandado un total de $12,171.22. Esa sentencia enmendada, que es la que habrá de ser ejecutada en caso de que fuere confirmada por la Corte de Circuito, ha venido a sustituir a la sentencia original a todos los efectos legales.

No conteniendo dicha sentencia pronunciamiento alguno en cuanto al pago de intereses, el secretario de la corte deberá incluir en el registro de la sentencia los intereses correspondientes a la misma, desde la fecha en que fué dictada, de acuerdo con lo dispuesto en el artículo 341 del Código de Enjuiciamiento Civil. *Hernández Mena* v. *Foote,*

697

22 D.P.R. 759; *Miranda* v. *P. R. Ry. L. & P. Co.*, 50 D.P.R. 974; *Franceschi Ex parte*, 53 D.P.R. 75; *Bravo* v. *Corte*, 60 D.P.R. 272; 14 Cal. Jur. 945. [3] No erró por tanto la corte inferior al resolver que ambas sentencias devengan intereses desde la fecha en que fueron dictadas y no desde la fecha en que fueron modificadas o confirmadas. *Franceschi, Ex-parte*, supra. [4] Tampoco erró al resolver que ni los demandantes ni el demandado tienen derecho alguno a intereses por el término durante el cual sus respectivos recursos de apelación estuvieron pendientes. 33 C. J. 247, párrafos 158 a 161 inclusive.

*La resolución recurrida debe ser confirmada.*