XAVIER ZEQUEIRA, demandante y recurrido, *v.* MUNICIPAL HOUSING AUTHORITY OF THE CAPITAL OF PUERTO RICO (CORPORACIÓN DE RENOVACIÓN URBANA Y VIVIENDA), demandada y recurrente.

*Número:* R-65-277      *Resuelto:* 19 de febrero de 1968

*Beverley, Rodríguez, Estrella & Pesquera,* abogados de la recurrente; *Ramírez, Segal & Latimer,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Un contratista a quien le fue adjudicada la buena pro para la construcción de un caserío público demandó a la Autoridad Municipal de Hogares (hoy Corporación de Renovación Urbana y Vivienda) para recobrar el costo de un trabajo extra convenido entre las partes. El 23 de marzo de 1956 se dictó sentencia a favor del contratista. Las dos partes recurrieron ante este Tribunal. El 22 de noviembre de 1961 dictamos sentencia revocando la dictada por el tribunal de instancia, *Zequeira* v. *C.R.U.V.*, 83 D.P.R. 878 (1961) y devolvimos "el caso para que se proceda a determinar el aumento en precio de acuerdo con los términos de la opinión" emitida por este Tribunal. El Tribunal Superior, Sala de San Juan designó un árbitro mediante la siguiente orden:

"Vista la opinión emitida por el Hon. Tribunal Supremo de Puerto Rico en el caso del epígrafe con fecha 22 de noviembre de 1961 y atendida la estipulación sometida por las partes y radicada en autos el 18 de junio de 1962 sobre designación de árbitro, el Tribunal le imparte su aprobación a la referida estipulación.

Se designa, en consecuencia, al Lic. Carlos W. Mirabal, abogado y contable público autorizado, con oficinas en Ave. De Diego 721, Caparra Terrace, P.R., árbitro en el caso con todos los poderes que le confieren las Reglas de Procedimiento Civil y el Código de Enjuiciamiento Civil de Puerto Rico y especialmente se faculta para:

1. Recibir prueba documental y oral sobre las cuestiones litigiosas pendientes de resolución de conformidad con la Opinión emitida por el Hon. Tribunal Supremo de Puerto Rico y a la cual se alude precedentemente. Dicha prueba podrá incluir la opinión de los respectivos peritos de las partes.

2. Una vez recibida toda la evidencia y las recomendaciones periciales el árbitro determine los hechos siguientes:

    (a) Cuánto hubiera sido el precio de la mano de obra y de los materiales para las terminaciones según los términos del contrato original de 12 de septiembre de 1950.

    (b) Cuánto resultó ser el precio de la mano de obra y de los materiales para las terminaciones hechas de

acuerdo con los términos de la Carta de Interpretación de 15 de septiembre de 1950 incluyendo los costos de las pólizas del seguro social, de indemnización a obreros y la extensión en el tiempo adicional que requirió la terminación del contrato.

3. El árbitro someterá al Tribunal sus conclusiones de hecho con notificación de las mismas a las partes y en cuanto a cualquiera cuestión de derecho que pudiera surgir, así como de interpretación de esta orden de referencia o de la Opinión y Sentencia dictada por el Tribunal Supremo de Puerto Rico, deberá consultar al Tribunal cuantas veces lo estime necesario a fin de recibir las interpretaciones y conclusiones de derecho que correspondan.

4. El árbitro podrá, además, exigir que se produzca ante él cualquier prueba sobre el asunto litigioso comprendido en el caso, incluyendo la producción de libros, papeles, comprobantes, documentos y escritos pertinentes.

5. Decidir sobre la admisibilidad de prueba.

6. Juramentar testigos y examinarlos y citar a las partes en el pleito y examinarlas bajo juramento.

7. Preparar récord de la prueba ofrecida y excluida del mismo modo y sujeto a las mismas limitaciones dispuestas en las Reglas de Evidencia.

8. Fijar la fecha y lugar para empezar y terminar las vistas.

Terminada la presentación de prueba por las partes ante el comisionado y de conformidad con lo dispuesto en el inciso tres éste preparará y someterá al Tribunal, dentro del término de 45 días, un informe conteniendo determinaciones de hecho y acompañará con el mismo una transcripción de la evidencia y de los exhibits ofrecidos por las partes.''

El árbitro rindió su laudo. Las partes radicaron sus objeciones. Luego de considerarlas el tribunal hizo las siguientes determinaciones y dictó sentencia el 23 de noviembre de 1965:

"El Tribunal entiende después de un estudio y análisis de toda la evidencia aportada, así como del 'Informe del Comisionado', que debe declarar, como declara, sin lugar las objeciones levantadas por las partes al 'Laudo del Comisionado', le imparte su aprobación, hace suyas las 'Determinaciones Fina-

les' del mismo para que formen parte integrante de éstas y en consonancia con ello, resuelve que la parte demandada Municipal Housing Authority of the Capital of Puerto Rico, viene obligada a pagar al demandante Xavier Zequeira, la suma total de $339,044.34.

. . . . . . . .

Por los fundamentos expuestos en las Determinaciones de Hecho y Conclusiones de Derecho que anteceden, el Tribunal declara con lugar la demanda, y en su consecuencia, condena a la parte demandada Municipal Housing Authority of the Capital of Puerto Rico, a pagar a la parte demandante, Xavier Zequeira, la cantidad de $339,044.34 de principal, *más los intereses correspondientes al 6% anual desde la fecha de la Sentencia original hasta su total y efectivo pago,* más las costas de este procedimiento y la suma de $17,000.00 para honorarios de abogado." (Énfasis suplido.)

Demandante y demandada radicaron recursos de revisión. No expedimos el radicado por el demandante y limitamos, al expedir el solicitado por la corporación pública, a determinar si la concesión de intereses tal como la hizo el tribunal sentenciador, se ajusta a derecho.

■ El Art. 341 del Código de Enjuiciamiento Civil, todavía vigente, 32 L.P.R.A. sec. 1473, dispone que "[e]l secretario incluirá en el registro de la sentencia, los intereses correspondientes a la misma desde la fecha en que se dictó. . . ." Recurrida la sentencia para ante un tribunal superior, si se modifica, la que resulte, devenga intereses desde la fecha en que la dictó el tribunal sentenciador. Si la sentencia es revocada, y se devuelve el caso para ulteriores procedimientos los intereses proceden desde la fecha en que se dicta por el tribunal de instancia la nueva sentencia. *Polanco* v. *Cortés,* 66 D.P.R. 762 (1946); *Ex Parte Franceschi,* 53 D.P.R. 75 (1938); *P.R. &. American Ins. Co.* v. *Tribunal Superior,* 84 D.P.R. 621 (1962); *Snapp* v. *State Farm Fire & Casualty Company,* 388 P.2d 884 (Cal. 1964); *Stockton Theatres, Inc.* v. *Palermo,* 360 P.2d 76 (Cal. 1961).

Así lo reconoce el recurrido en su alegato, pero sostiene que en el presente caso la sentencia nuestra no revocó la dictada por el Tribunal Superior, sino que la modificó. En *Snapp* v. *State Farm Fire & Casualty Company*, supra, se discute extensamente la distinción entre modificar una sentencia y revocarla. Explica que cuando una corte de apelación revoca una sentencia la anula, la deja sin valor alguno, le quita toda vida y hasta que el tribunal de instancia dicta otra no existe sentencia alguna. Señala que lo importante es determinar lo que en efecto hizo el tribunal al dictar la sentencia no importa que denominara su actuación como revocación o modificación. Siguiendo esta norma, hemos estudiado nuestra sentencia de 22 de noviembre de 1961 y el dictamen que la acompañó. Si examinamos la sentencia recaída notaremos que en la misma se expresa "se revoca la sentencia dictada por el Tribunal Superior, Sala de San Juan de fecha 23 de marzo de 1956, y se devuelve el caso para que proceda a determinar el aumento en precio de acuerdo con los términos de la opinión." No hubo pues modificación de los términos de la sentencia. Simplemente se revocó. Se dejó sin efecto por haberse usado un método erróneo para determinar la cuantía adeudada por la demandada. Había que hacer una nueva determinación usando un método distinto. La sentencia dictada el 23 de marzo de 1956 quedó sin efecto legal alguno. Como expresamos en nuestro dictamen en *Zequeira* v. *C.R.U.V.*, de 22 de noviembre de 1961:

"... Por haber usado el método de 'costo razonable' y no de 'aumento en precio', la ilustrada Sala sentenciadora no resolvió nada sobre estos aspectos importantísimos de la prueba.

Hemos examinado el volumen impresionante de datos que contiene dicha evidencia y francamente entendemos que para reconciliar los números que arrojan las nóminas y las listas de materiales con los partes diarios de la Autoridad que demuestran, más o menos, la clase de trabajo y las fechas en que se hizo dicho trabajo, la ilustrada Sala sentenciadora necesitará de un perito del Tribunal, para que conjuntamente con los peritos

de las partes, o solo, proceda a realizar dicho trabajo, pues de dicho análisis depende que se pueda determinar, con el mayor grado de certeza posible, el costo de las terminaciones de acuerdo con la carta de interpretación para compararlo con el costo de dichas terminciones de acuerdo con los términos del contrato. Esto sería más aconsejable que descansar en los desgloses de dichas partidas presentadas por las partes. Puede ser que la ilustrada Sala sentenciadora prefiera celebrar vistas adicionales para esclarecer algunos puntos dudosos. Lo mejor es dejar al sano juicio de la Sala sentenciadora, de acuerdo con la amplia potestad que tiene un tribunal de hecho para dirigir sus procedimientos, lo que ella considere más conveniente para llegar a la determinación final del aumento en precio: Regla 71 de las de Procedimiento Civil."

Siguiendo nuestra sugestión el tribunal de instancia designó a un árbitro con las facultades que antes hemos consignado. Su laudo adoptado por el tribunal constituye una nueva sentencia, la que devenga intereses desde que fue dictada el 23 de noviembre de 1965.

■ La recurrente sostiene que la sentencia recurrida no devenga intereses durante el tiempo que estuvo pendiente ante este Tribunal el recurso radicado por el demandante. No es así. Si bien hay autoridades que comparten este criterio, nos parece que la regla más razonable es aquella que establece que las sentencias continúan devengando intereses hasta que sean satisfechas y el hecho de que la parte a favor de la cual se dicta trate de revisarla para lograr su aumento no debe alterar la norma. *Beeler* v. *American Trust Co.*, 170 P.2d 439 (Cal. 1946); *Woodmont, Inc.* v. *Daniels*, 290 F.2d 186 (10th Cir. 1961) y ver además *Arnold* v. *Arnold*, 140 N.W.2d 874 (Iowa 1966); *Pinkstaff* v. *Pennsylvania Railroad Company*, 202 N.E.2d 512 (Ill. 1964).

■ La demandada invoca a *Concepción* v. *Latoni*, 63 D.P.R. 693 (1944). En este caso expresamos que "[t]ampoco erró [el tribunal sentenciador] al resolver que ni los demandantes ni el demandado tienen derecho alguno a intereses

por el término durante el cual sus respectivos recursos de apelación estuvieron pendientes." Para sostener el criterio expuesto nos limitamos a citar a 33 C.J. 247, párrafos 158 a 161 inclusive. Es interesante apuntar que la cita de Corpus Juris que invocamos para sostener la afirmación que hicimos en *Latoni* ha sido condicionada en la edición del Corpus Juris Secundum. En 47 C.J.S. sec. 59 se adicionó lo que aparece en bastardillas: "La cuestión de si los intereses se devengan mientras está pendiente una apelación en gran medida está .determinada por la naturaleza del caso y por el resultado de la apelación, *ya que la mera tramitación de una apelación no suspende de por sí el devengo de intereses.*" Además, el Art. 341 del Código de Enjuiciamiento Civil antes citado, dispone la imposición de intereses desde el momento en que se dicta sentencia, sin que se establezca que la apelación o la interposición de un recurso de revisión suspende el pago de intereses. Se arguye, en apoyo de la norma invocada por la demandada, que al tratar de revisar la sentencia impide que ésta sea satisfecha y que por lo tanto no debe beneficiarse con los intereses durante el período que esté pendiente la revisión o la apelación. A poco que se examine el razonamiento, encontramos que no descansa sobre base sólida. En determinadas circunstancias la radicación de una solicitud de revisión o de una apelación por la parte a cuyo favor se dictó la sentencia no impide a la parte perdidosa hacerla efectiva. Puede consignar lo que la sentencia ordena a pagar, y así liberarse de los intereses. *Beeler* v. *American Trust Co.*, supra. Esto no impide que el recurrente continúe con su recurso para tratar de obtener una sentencia más alta. *Concepción* v. *Latoni*, supra, queda revocado en lo que sea incompatible con lo aquí expuesto.

*Se modificará la sentencia que dictó el Tribunal Superior, Sala de San Juan, con fecha 23 de noviembre de 1965 en*

*el sentido de disponer que la suma concedida devenga intereses desde esa fecha.*

El Juez Presidente Señor Negrón Fernández no intervino.