Cotto Vives, Jueza Ponente
TEXTO COMPLETO DE LA SENTENCIA
La Sra. Beatriz Galarza Morales solicita la revisión de una sentencia parcial dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 18 de mayo de 1998, mediante la cual se desestimó la demanda en daños y perjuicios presentada por dicha parte contra su patrono, Builders Square, Inc., quien al momento del accidente era un patrono no asegurado bajo la legislación laboral aplicable. En la referida demanda, la Sra. Galarza Morales reclamó indemnización por los daños y perjuicios ocasionados a su persona al caer sobre su rostro una estiba de tablas en dicho establecimiento comercial.
Inconforme con la determinación del Tribunal de Primera Instancia, la Sra. Galarza Morales acude ante nos, alegando que incidió el tribunal apelado en las siguientes determinaciones: que la demandante-apelante incurrió en negligencia, que no demostró negligencia alguna de la parte demandada y que la demandada no incurrió en negligencia. Además, aduce que erró el Tribunal de Primera Instancia al aplicar incorrectamente la Ley del Sistema de Compensaciones por Accidentes del Trabajo, Núm. 45 de 18 de abril de 1935, según enmendada, 11 L.P.R.A. secs. 16 y 21.
Por los fundamentos que expondremos a continuación, revocamos la sentencia apelada y devolvemos el caso al Tribunal de Primera Instancia para que continúe con los procedimientos de forma cónsona a lo dispuesto mediante esta sentencia.
I
El 14 de septiembre de 1993, la Sra. Beatriz Galarza Morales se encontraba trabajando en el establecimiento comercial Builders Square, Inc. donde se desempeñaba como supervisora de cajeras. Una de sus funciones era relevar a las cajeras que se encontraran laborando en las cajas registradoras cuando les tocara disfrutar su período de tomar alimentos. Ese día había dos supervisoras más en la parte del frente de la tienda, razón por la cual la Sra. Galarza Morales se dirigió hacia la sección de jardinería en la parte trasera del establecimiento. En dicha área se dispuso a relevar a una cajera que salía a almorzar. Al poco tiempo de estar en la caja se le acercó una dienta y le preguntó el precio de unas tablas negras de acrílico que estaban dispuestas en estibas cerca de la caja registradora. La apelante se aprestó a ayudarla.
*1124 La Sra. Galarza Morales buscó el “Universal Product Code” ó “UPC” del producto con el propósito de obtener el precio del artículo, pero el mismo no estaba visible, razón por la cual haló un poco la tabla superior, la miró por todas partes y aún así no encontró el correspondiente “UPC”. Decidió llamar a un empleado de dicha área para ver si lo sabía, pero éste no respondió al llamado. Al empujar la tabla hacia atrás para volverla a colocar en su posición original, ésta se deslizó y, pese a los esfuerzos de la Sra. Galarza Morales para evitarlo, la tabla le cayó sobre la nariz.
La dienta que había preguntado por el precio comenzó a gritar al ver que la Sra. Galarza Morales sangraba profusamente por la nariz. Según alegó la apelante, al tocarse la nariz sintió como si tuviera un hueco en el lugar donde la golpeó la tabla. Estaba a punto de desmayarse cuando sintió que alguien la cargaba y la llevaron hacia la parte de atrás de la tienda, donde recibió los primeros auxilios. Posteriormente fue trasladada a la parte del frente del local para esperar la ambulancia que habían llamado, pero como ésta no llegó; le pidieron a un empleado de la tienda que la llevara en su automóvil al hospital. La Sra. Galarza Morales fue trasladada al Hospital San Pablo, donde fue atendida.
Como consecuencia del incidente antes narrado, la Sra. Galarza Morales sufrió la fractura del hueso del tabique de la nariz, teniendo que ser sometida a cirugía. Posteriormente recibió tratamiento en el Fondo del Seguro del Estado y, el 9 de noviembre de 1994, recibió una certificación del (F.S.E.) indicándole que Builders Square, Inc. no era un patrono asegurado. Así las cosas, el 31 de mayo de 1995, la Sra. Galarza Morales presentó una demanda en daños y perjuicios contra su patrono donde reclamó, entre otras cosas, indemnización por los daños causados a su persona como consecuencia de la caída de la tabla de acrílico sobre su rostro. Alegó la Sra. Galarza Morales que Builders Square, Inc. fue negligente al colocar las tablas de acrílico de manera que podían caerse y causar daño a alguien, como en efecto ocurrió, y al no tener en el área de jardinería empleados preparados para el manejo de este tipo de mercancía.
Builders Square, Inc. negó su negligencia y alegó que la Sra. Galarza Morales tenía la obligación de mitigar los daños y además que había incurrido en negligencia contributoria. La doctrina de negligencia contributoria fue reemplazada en 1956 por la de negligencia comparada mediante la aprobación de la Ley Núm. 28 del 9 de junio de 1956 que añadió un segundo párrafo al Art. 1802, supra. Atiles Moreu, Admor. v. McClurg, 87 D.P.R. 865 (1963); Viñas v. Pueblo Supermarket, 86 D.P.R. 33 (1962); Kobler v. Escambrón Development Corp., 95 D.P.R. 743 (1962). La diferencia más significativa entre ambas doctrinas es que la primera releva de responsabilidad al causante del daño si éste demuestra que la víctima también incurrió en negligencia. En su réplica al alegato suplementario, la parte apelante, Builders Square, negó haber levantado esta defensa durante el proceso ante el tribunal recurrido.
El 30 de mayo de 1997 se celebró una vista para determinar el aspecto de la negligencia y el 18 de mayo de 1998, el Tribunal de Primera Instancia dictó sentencia parcial y determinó que la Sra. Galarza Morales no había probado negligencia alguna por parte de Builders Square, Inc. y, por lo tanto, desestimó la demanda. Mediante el recurso de apelación presentado, la Sra Galarza Morales alega que erró el tribunal apelado al determinar que sólo la parte apelante fue negligente en el incidente que dio lugar a la presente reclamación, al concluir que dicha parte no demostró la negligencia de la apelada, Builders Square, Inc., y que la demandada no fue negligente. Además, aduce que erró el Tribunal de Primera Instancia al aplicar incorrectamente la Ley del Sistema de Compensaciones por Accidentes del Trabajo, supra.
Por su parte, Builders Square, Inc. negó nuevamente que existiese negligencia alguna de su parte y alegó que la Sra. Galarza Morales había asumido un riesgo al manejar la mercancía y no utilizar ninguno de los medios altemos alegadamente provistos por el establecimiento para atender este tipo de situación.
*1125 II
La Ley del Sistema de Compensaciones por Accidentes del Trabajo, supra, provee un seguro de responsabilidad para proteger a todo patrono contra reclamaciones de sus empleados por accidentes ocurridos en el empleo. 11 L.P.R.A. sec. 21. Conforme dispone la ley, si un obrero sufre alguna lesión, se inutiliza o pierde la vida en un accidente que provenga de cualquier acto o función inherente a su trabajo o empleo y que ocurra en el curso de éste y como consecuencia del mismo, tiene derecho a recibir un remedio del Fondo del Seguro del Estado, libre de las complejidades de una acción ordinaria de daños y pequicios bajo el Art. 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5141. García Díaz v. Darex Puerto Rico, Inc., 147 D.P.R. _ (1999), 99 J.T.S. 84. Aun cuando no alegue en su contestación la inmunidad que le provee la ley, éste estará protegido, ya que se trata en efecto de inexistencia de causa de acción y no de una mera defensa. Lind Rodríguez v. E.L.A., 112 D.P.R. 67 (1982).
Para gozar de la protección de dicha póliza, el patrono debe asegurar a sus empleados en el Fondo del Seguro del Estado y pagar la prima correspondiente dentro de los términos provistos para ello. Si una empresa no paga dicha prima o la paga tarde, de manera que un accidente ocurra durante el tiempo que la póliza se encuentra al descubierto, el patrono pierde la inmunidad provista por la ley y se ve expuesto a la presentación de reclamaciones en daños y perjuicios bajo el Art. 1802 del Código Civil de Puerto Rico, supra.
De otra parte, según dispone el Art. 15 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 16, si cualquier patrono deja de asegurar el pago de compensaciones por accidentes del trabajo conforme a la ley, cualquier obrero o empleado perjudicado o sus beneficiarios pueden proceder contra tal patrono presentando una petición para compensación ante la Comisión Industrial y, además, pueden ejercitar una acción contra el patrono por daños y perjuicios, igual que si la ley del Fondo no fuera aplicable.
En el caso de epígrafe, Builders Square, Inc. pagó tardíamente la prima del seguro y al momento de ocurrir el accidente en el cual se vio involucrada la apelante no contaba con la protección del mismo. Por ésta razón, la reclamación de la Sra. Galarza Morales procede si dicha apelante logra probar los elementos de la causa de acción bajo el Art. 1802, supra.
El Art. 1802 del Código Civil de Puerto Rico, supra, establece una causa de acción contra todo aquel que por acción u omisión cause daño a otro interviniendo culpa o negligencia. El propósito de la ley es proveer a todo aquel que sufra daño un medio de resarcimiento contra aquellos que no ejercen el debido cuidado en sus actuaciones.
En una reclamación de daños y perjuicios al amparo de este artículo es indispensable probar la relación causal entre el acto negligente y el daño. El Tribunal Supremo adoptó en Puerto Rico la doctrina de la causalidad adecuada para saber si existe nexo causal entre la negligencia y el daño. Montalvo v. Cruz, 144 D.P.R. _ (1998), 98 J.T.S. 6. Lo fundamental es determinar si la ocurrencia del daño era de esperarse en el curso normal de los acontecimientos o si, por el contrario, queda fuera de este posible cálculo. De acuerdo con esta teoría, no se considera “causa" toda condición sin la cual no se hubiera producido el daño, sino sólo aquella que ordinariamente produce ese daño, según la experiencia general. El demandante debe probar, por lo tanto, que la negligencia del demandado fue la que con mayor probabilidad causó el daño sufrido. Miranda v. E.L.A., 137 D.P.R. _ (1994), 94 J.T.S. 152; Aseg. Lloyd’s London v. Cía. Des. Comercial, 126 D.P.R. 251 (1990); Cárdenas Maxán v. Rodríguez Rodríguez, 125 D.P.R.702 (1990) y Soc. de Gananciales v. Jerónimo Corp., 103 D.P.R. 127 (1974).
La cantidad de pmeba requerida para probar una causa de acción al amparo de este artículo lo es aquella que produzca convicción moral en un ánimo no prevenido; sólo se requiere certeza moral. Esto significa que la parte *1126 que hace la reclamación no tiene que probar su caso con exactitud matemática mediante evidencia directa o concluyente. Tampoco tiene que ser evidencia que produzca un grado tan perfecto de convicción que no admita la posibilidad de prueba en contrario. Vaquería Garrochales, Inc. v. A.P.P.R., 106 D.P.R. 799 (1978); Murcelo v. H.I. Hettinger & Co., 92 D.P.R. 411 (1965).
La ley y la jurisprudencia se limitan a requerir que los casos civiles se prueben por preponderancia de prueba. Esto no es más que establecer como hechos probables aquellos que con mayores probabilidades ocurrieron; no se le exige al demandante que excluya toda otra posible causa de daños. Zambrana v. Hospital Santo Asilo de Damas, 109 D.P.R. 517 (1980); Berríos v. U.P.R., 116 D.P.R. 88 (1985).
En el caso que nos ocupa, la Sra. Galarza Morales se presentó como único testigo de lo ocurrido. En la vista del 30 de mayo declaró que, como empleada del establecimiento, uno de sus deberes era ayudar a los clientes y que fue en el cumplimiento de ese deber que resultó lesionada. Señaló, además, que no hizo mas que devolver la tabla a su lugar cuando ésta se deslizó y la golpeó en la cara. Esto de por sí denota la peligrosidad de la forma en que estaban dispuestas las estibas de tablas. Lo mismo le pudo pasar al empleado que, según Builders Square, Inc., estaba encargado del área.
Builders Square, Inc. no presentó ningún testigo u otra evidencia en apoyo de su posición; sólo se limitó a contrainterrogar a la Sra. Galarza Morales, lo cual, según nuestra apreciación, no tuvo mucho éxito, ya que no logró demostrar su diligencia con respecto a los mecanismos que debió proveer para eventualidades de esta naturaleza. De la transcripción de la vista de negligencia celebrada se desprende que, aunque fue imprudente de parte de la Sra. Galarza Morales el mover la tabla sin ayuda, no es menos cierto que Builders Square, Inc. incurrió en una omisión negligente al no proveer los mecanismos adecuados para atender situaciones como la de autos. No disponían en el área de escaleras apropiadas para alcanzar objetos altos; tampoco se había instalado el teléfono por el cual, como trató de demostrar infructuosamente la parte apelada, debió comunicarse la Sra. Galarza Morales con la oficina que proveía la información sobre precios. La Sra. Galarza Morales sólo cumplía con su trabajo al ayudar a una dienta que interesaba conocer el precio de un producto.
Aunque es norma conocida de derecho que las determinaciones de hecho del Tribunal de Primera Instancia no serán alteradas, salvo que exista pasión, prejuicio, parcialidad o error manifiesto, como veremos, estimamos que ésta es una de esas ocasiones en que las mismas ameritan ser modificadas. Feliciano Polanco v. Feliciano González, 147 D.P.R. _ (1999), 99 J.T.S. 23. En el caso de epígrafe, el Tribunal de Primera Instancia incurrió en error manifiesto al concluir que la apelante no demostró la negligencia de Builders Square, Inc. Tanto del interrogatorio directo como del contrainterrogatorio hecho a la Sra. Galarza Morales quedó demostrado que dicho establecimiento comercial fue negligente al faltar a su deber de proveerle a sus empleados un lugar seguro de empleo. Ello es así, en tanto y en cuanto la Sra. Galarza Morales declaró que, según su experiencia, las escaleras que había en el establecimiento para alcanzar objetos altos siempre estaban dañadas, testimonio que no fue controvertido por Builders Square. Además, expresó que su primera reacción al acercársele la dienta fue buscar a un empleado del área de jardinería que la pudiera asistir, pero éste no llegó. Tampoco respondió al llamado que le hiciera por el “pager” la Sra. Galarza Morales, así como tampoco había sido instalado el teléfono en esa área de trabajo. No le quedó, pues, otro remedio a la apelante que buscar ella misma el precio del artículo en cuestión, sin sospechar que, unido a esta cadena de descuidos, estaba el hecho de que las tablas de acrflico estaban mal colocadas, deslizándose una de éstas e hiriéndola en el rostro. Como se puede apreciar, Builders Square, Inc. faltó en muchos aspectos a su deber de proveerle a sus empleados un lugar seguro de empleo; deber éste indelegable de todo patrono de proveer un lugar de trabajo libre de riesgos para sus empleados. Hurtado v. Osuna, 138 D.P.R. _ (1995), 95 J.T.S. 98.
Como dijimos anteriormente, aunque podría inferirse que la apelante, en su actuación, pudo haber sido *1127 imprudente al tratar de obtener el precio por sí misma —en vista de la forma en que estaba ubicada la mercancía-no hay duda de que el patrono fue negligente al no ofrecer las garantías adecuadas de seguridad a la empleada para eventualidades de esta naturaleza. De otro lado, aun cuando aplicara la doctrina de negligencia comparada, ésta es irrelevante al demostrarse que el patrono no asegurado, Builders Square, Inc., file negligente.
III
Por todo lo anterior, concluimos que la apelante, Sra. Beatriz Galarza Morales, sí demostró mediante su testimonio la negligencia por parte de Builders Square, Inc. Se revoca la sentencia parcial dictada por el Tribunal de Primera Instancia y se devuelve el caso al tribunal recurrido para que continúen los procedimientos de manera cónsona con lo aquí dispuesto.
Así lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General