Rivera Román, Juez Ponente
*1053 TEXTO COMPLETO DE LA SENTENCIA
Comparece la peticionaria, Corporación del Fondo del Seguro del Estado (Corporación), mediante recurso de certiorari y nos solicita que revoquemos una resolución emitida por el Tribunal de Primera Instancia. La resolución recurrida denegó una segunda moción de relevo de sentencia, presentada por la Corporación, por alegadamente incumplir con los requisitos contemplados en la Ley Sumaria de Reclamaciones Laborales. En específico, debemos responder si debe acogerse una segunda moción de relevo de sentencia, presentada por un patrono a quien se le anotó la rebeldía en un procedimiento sumario de reclamaciones de salario, si ésta se presentó en exceso del término de 60 días de notificada la sentencia y sin juramentarla.
I
Examinemos los hechos que originan el recurso ante nos. El señor Gaspar Vera González, quien se desempeñaba como empleado de mantenimiento en la Corporación, presentó el 15 de junio de 2001 una querella al amparo de la Ley 2 del 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sec. 3118 et seq., Ley Sumaria de Reclamaciones Laborales. Alegó que fue objeto de discrimen por razón de ideas políticas e impedimentos físicos, que ello le causó daños y angustias mentales y reclamó salarios dejados de percibir.
La Corporación fue notificada de la querella el 18 de junio de 2001, y no contestó ni presentó prórroga dentro del término jurisdiccional de 10 días que dispone la Ley 2, supra. La Corporación presentó una prórroga para contestar, sin juramentar, y el 30 de julio de 2001, presentó su contestación. En respuesta, el señor Vera González solicitó al Tribunal que le anotara la rebeldía a la Corporación y dictara sentencia a su favor. El Tribunal de Primera Instancia concedió la prórroga mediante resolución emitida el 7 de agosto de 2001.
El señor Vera González acudió al Tribunal de Apelaciones mediante recurso de certiorari, el 4 de octubre de 2001, y solicitó la revocación de la referida resolución. El Tribunal de Apelaciones expidió el auto, revocó la resolución recurrida, ordenó que se anotara la rebeldía a la Corporación y ordenó celebrar la audiencia para presentar prueba sobre los daños y salarios dejados de percibir.
Anotada la rebeldía a la Corporación y celebrado el juicio, el Tribunal de Primera Instancia emitió sentencia, el 30 de octubre de 2002 (notificada el 12 de noviembre de 2002), en la que declaró con lugar la reclamación por discrimen. Además, concedió varios remedios que incluyen la reinstalación en el empleo al señor Vera González con los aumentos de salario, bono y otros beneficios. Además le concedieron $250,000 por daños y perjuicios, $21,600 por los salarios dejados de percibir y la penalidad correspondiente. La sentencia incluyó el pago de intereses al 9.5% anual según fijado por la Junta Financiera y un 25% del total de la sentencia en concepto de honorarios de abogados.
*1054 No conforme con la sentencia del 30 de octubre 2002, la Corporación interpuso un recurso de certiorari ante el Tribunal Supremo, el 22 de noviembre de 2002, e impugnó el aspecto procesal mediante el cual fue tramitado el caso. El Tribunal Supremo ordenó el traslado del caso al Tribunal de Apelaciones.
Realizado el traslado del certiorari, el 12 de marzo de 2003, este Tribunal lo clasificó como una apelación y lo enumeró como el KLAN-2003-00363.
Mientras dicho recurso estaba ante la consideración del Tribunal Supremo, el 14 de enero de 2003, la Corporación presentó ante el Tribunal de Instancia una primera moción de relevo sobre la sentencia dictada el 30 de octubre de 2002. Argumentó que el Tribunal de Instancia fue inducido a error mediante alegaciones fraudulentas y que el caso ameritaba ventilarse por el procedimiento ordinario. Además, solicitó la celebración de un nuevo juicio, la eliminación de la partida de salarios dejados de percibir y una reducción en la cuantía de los daños. La Corporación no cuestionó la tasa ni el tipo de interés impuesto en la sentencia. La moción de relevo de sentencia se presentó dentro del término de 60 días que dispone la Ley 2, supra, pero no se juramentó. El Tribunal de Instancia declaró no ha lugar a la solicitud de relevo mediante resolución emitida y notificada el 24 de enero de 2003.
A esos efectos, el 3 de marzo de 2003, la Corporación acudió a este Tribunal e interpuso un recurso de certiorari (KLCE-2003-00245) para revisar la resolución que declaró sin lugar a la solicitud de relevo. En esta ocasión, entre los errores señalados, tampoco se objetó la tasa y el tipo de interés fijados. El Tribunal de Apelaciones consolidó ambos recursos, a saber: la apelación (KLAN-2003-00363), que guarda relación con el caso trasladado por orden del Tribunal Supremo, y el certiorari (KLCE-2003-00245), que impugnó la denegatoria a la solicitud de relevo de sentencia.
En la apelación se resolvió confirmar la sentencia y modificar sólo en cuanto a la cuantía de los daños, reduciéndola a $175,000. En la petición de certiorari se resolvió denegar por considerar que el Tribunal de Instancia no abusó de su discreción. La sentencia del Tribunal de Apelaciones se dictó el 29 de octubre de 2004. La Corporación acudió en certiorari al Tribunal Supremo para revisar la sentencia emitida por este Tribunal el 29 de octubre de 2004. El Tribunal Supremo denegó el recurso el 1 de abril de 2005.
Habiendo transcurrido casi tres años de dictada la sentencia del Tribunal de Instancia, el 11 de julio de 2005, la Corporación presentó una segunda moción de relevo de sentencia por nulidad, nuevamente sin juramentar. Esta vez solicitó que se anulara la sentencia en cuanto a los intereses impuestos porque el por ciento de interés legal fijado (9.5%) no correspondía al autorizado por la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras y que lo correcto debió haber sido fijar el 1.5% como interés legal prevaleciente en ese momento para las entidades públicas. Alegó, además, que por tratarse de una solicitud de relevo de sentencia por razón de nulidad, el término fatal de 6 meses no era de aplicabilidad.
Cabe recordar que para la misma fecha, las partes presentaron una moción conjunta para informar el pago de sentencia y se acordó la entrega de $506,355.58, que incluía el principal adeudado más el 1.5% del interés computado por los años 2002 a 2003 y 2003 a 2004.
Por su parte, el señor Vera González presentó dos escritos en oposición a la referida moción y señaló que el relevo de sentencia era improcedente por no cumplir con la Ley 2, supra, a saber: que se presentara bajo juramento en el término de 60 días. Expresó, a su vez, que la causa de nulidad no es aplicable al caso y que la conducta temeraria de la Corporación denota la necesidad de imposición de costas y honorarios de abogados.
El 18 de noviembre de 2005, el Tribunal de Primera Instancia declaró sin lugar la moción de relevo por nulidad, por entender que el interés aplicable a las corporaciones públicas es el de persona privada y no el de entidad gubernamental. Además, el Tribunal de Instancia sostuvo que no se cumplió con los requisitos que *1055 impone la Ley 2, supra, sobre el término expedito de 60 días para su presentación ni el de juramento y la causa de nulidad es inaplicable. El Tribunal de Instancia sostuvo que no tiene autoridad para alterar lo resuelto por el Tribunal de Apelaciones y que fue ratificado por el Tribunal Supremo.
Inconforme con la determinación, la Corporación acude ante nos mediante un recurso de certiorari en el cual alega que erró el Tribunal de Instancia al declarar sin lugar la solicitud de relevo de sentencia por nulidad y no corregir el por ciento de interés legal aplicable a las corporaciones públicas que, según la tabla de la Junta Financiera, era el 1.5% para el Gobierno y el 5.75% para los otros, e imponer intereses por concepto de mora cuando éstos no eran aplicables al caso.
El señor Vera González compareció en oposición al recurso y expresó que no procede el relevo por nulidad de sentencia, ya que se incumplió con el requisito de juramento dispuesto en la Ley 2, supra. Alegó, además, que el tipo de interés aplicable a las Corporaciones Públicas es el de empresas privadas, que la tasa de interés a pagarse es de 9.5%, y que los intereses deben computarse a partir de que se presentó la querella.
Teniendo el beneficio de la comparecencia de ambas partes, procedemos a resolver.
II
Examinemos varias doctrinas de derecho pertinentes a la solución del caso.
1. El relevo de sentencia en la Ley de Reclamos de Salarios (Ley 2)
La Ley 2, supra, establece un procedimiento sumario para los casos de reclamaciones instadas por obreros y empleados contra sus patronos por los servicios prestados. Esto responde a la política pública clara e inequívoca establecida por el Estado de abreviar dicho procedimiento, de manera que sea lo menos oneroso posible para el obrero. Dávila, Rivera v. Antilles Shipping, Inc., 147 D.P.R. 483, 492 (1999). Su esencia radica en el trámite sumario y expedito que lo caracteriza. Lucero v. San Juan Star, 159 D.P.R. 494, 505 (2003); Ríos v. Industrial Optic, 155 D.P.R. 1, 10 (2001).
Las normas establecidas en la Ley 2, supra, intentan evitar que el patrono dilate de forma innecesaria y viciosa los procedimientos judiciales, proveyendo a las partes una pronta y justa solución. Ríos v. Industrial Optic, supra.
La Ley 2, supra, dispone en su Sección 7, 32 L.P.R.A. see. 3124, los límites que rigen el mecanismo procesal de relevo de sentencia. Estos son:
"Cuando se dicte sentencia en virtud de las sees. 3121 ó 3123 de este título, el tribunal conservará la discreción que le concede la Regla 49.2 de las de Procedimiento Civil para el Tribunal General de Justicia en casos de error, inadvertencia, sorpresa, excusable negligencia, fraude, pero la moción invocando dicha discreción deberá radicarse dentro del término de sesenta (60) días de notificada la sentencia a las partes y deberán exponerse en la misma, bajo juramento, los motivos en que se funda la solicitud. De no radicarse dicha moción dentro del término y en la forma aquí dispuesta, el tribunal deberá declararla sin lugar de plano." (Enfasis nuestro.)
La referida sección dispone un mecanismo especial de relevo de sentencia distinto al contemplado en la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Nótese que el relevo bajo este estatuto tiene un término expedito de 60 días para su presentación, a partir de la notificación de la sentencia; y está disponible, únicamente, en casos de error, inadvertencia, sorpresa, excusable negligencia y fraude. Srio. del Trabajo v. Econo Tire. Dist., 146 D.P.R. 751, 755 (1998). Requiere que la moción esté juramentada e incluya los motivos en que se funda. Además, menciona claramente que la concesión del remedio está sujeta a la discreción del *1056 Tribunal.
En resumen, la ley dispone unos parámetros más rigurosos que los del trámite ordinario, de forma que se le garantice al obrero desvalido una protección especial sobre los derechos que invoque ante su patrono, quien se encuentra en una posición más favorable y oportuna. Entre las diferencias marcadas, se encuentran el término jurisdiccional de sesenta días, así como el requisito del juramento y menos causales que sirven de fundamento para la solicitud del remedio. El incumplimiento con lo anterior provoca la denegatoria del relevo.
A pesar de los requisitos peculiares discutidos, resulta pertinente señalar que la propia ley, en su Sección 3, 32 L.P.R.A. see. 3120, establece que serán de aplicabilidad las Reglas de Procedimiento Civil, siempre y cuando no exista conflicto con las disposiciones especiales ni la naturaleza sumaria del procedimiento. Aguayo v. Regla, 2006 J.T.S. 154, 169 D.P.R._(2006). Por tanto, las Reglas de Procedimiento Civil pueden ser empleadas de modo supletorio.
La moción de relevo de sentencia tiene como propósito que el Tribunal pueda modificar errores que hayan cometido las partes. No se podrá utilizar como vehículo para corregir errores de derecho. Para ello están los recursos apelativos. Su aplicación no es absoluta, pues entrelaza dos intereses apremiantes: por un lado, la búsqueda de la justicia; y por otro, la certeza, estabilidad y celeridad del ordenamiento judicial. Piazza Vélez v. Isla del Río, 158 D.P.R. 440, 448 (2003).
Al momento de evaluar la procedencia de una moción de relevo de sentencia, habrá que analizar la totalidad de las circunstancias que refleje el expediente del caso. Para ello, se utilizará un criterio de razonabilidad. Se sopesarán, entre otros, factores como el tipo de defensa que presente el peticionario, el tiempo que haya mediado entre la sentencia y el relevo, y el grado de peijuicio que pueda ocasionar a la otra parte la concesión del relevo. Reyes v. E.L.A., 155 D.P.R. 799, 809-810 (2001). Lo importante es lograr un balance entre el principio de la finalidad de las sentencias y la provisión de mecanismos adecuados para corregir aquéllas que sean erróneas e injustas. Garriga Gordils v. Maldonado Colón, 109 D.P.R. 817, 823-824 (1980).
Cabe destacar, que independientemente de la existencia de un fundamento válido, el relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo que se trate de casos sobre nulidad o cuando la sentencia ha sido satisfecha. Náter v. Ramos, 162 D.P.R. 616, 624 (2004); Rivera v. Algarín, 159 D.P.R. 482 (2003). En un proceso ordinario, se podrá solicitar el relevo por nulidad cuando la sentencia obtenida se ha dictado sin jurisdicción sobre la materia o sin jurisdicción sobre la persona, o se ha infringido el debido proceso de ley. Figueroa v. Banco de San Juan, 108 D.P.R. 680, 689 (1970).
Aunque el tracto jurisprudencial se ha inclinado a interpretar liberalmente la Regla 49.2, supra, esto no significa que pueda utilizarse en sustitución de los recursos de revisión o reconsideración. Figueroa v. Banco de San Juan, supra, 688; González v. Chávez, 103 D.P.R. 474, 476 (1975). Asimismo, en Ríos v. Optics, supra, pág. 11, se denegó una moción mixta de reconsideración y relevo, presentada dentro de una reclamación de procedimiento sumario laboral, por haberse utilizado como sustituto al recurso de revisión. Este caso recalcó que al procedimiento sumario laboral le aplica la norma general de los procedimientos ordinarios sobre que la flexibilidad no puede usurpar los recursos de revisión.
En particular, el Tribunal Supremo ha advertido que la Regla 49.2, supra, no debe ser utilizada para extender indirectamente los términos para acudir en alzada, pues esto atentaría contra la estabilidad y certeza de los procedimientos judiciales en nuestra jurisdicción. Piazza Vélez v. Isla del Río, Inc., supra, págs. 624-625. Tampoco puede utilizarse para premiar la dejadez y falta de diligencia en peijuicio de los intereses de la otra parte y la buena administración de la justicia. Dávila v. Hospital San Miguel, 117 D.P.R. 807, 818 (1986).
En fin, "la Regla 49.2, supra, lo que provee es un mecanismo procesal post sentencia para impedir que *1057 tecnicismos y sofisticaciones frustren los fines de la justicia. No obstante, esta regla no es una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada". Reyes v. E.L.A., supra, pág. 819. Asuntos sustantivos que procedían presentarse antes de la sentencia, como defensas afirmativas, o después de la sentencia en revisión, no podrán ser canalizados a través de la figura del relevo. Rodríguez v. Tribunal Superior, 102 D.P.R. 290, 294 (1974).
2. Los intereses post sentencia en las Corporaciones Públicas
La Regla 44.3 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, regula lo concerniente a la fijación del interés legal post sentencia. El interés post sentencia se refiere al tipo de interés que se impone a favor de la parte victoriosa en todas las sentencias que ordenen el pago de dinero. El mismo se computa sobre la cuantía de la sentencia, incluyendo costas y honorarios de abogado, y se fija desde la fecha en que se dicte la sentencia hasta que se satisface la misma. Zequeira v. C.R.U.V., 95 D.P.R. 738, 741 (1968). Su imposición es obligatoria a toda parte perdidosa sin distinción alguna. Municipio de Mayagüez v. Rivera, 113 D.P.R. 467, 470 (1982).
En Gutiérrez v. A.A.A., 2006 J.T.S. 30, 167 D.P.R._(2006), el Tribunal Supremo resolvió que la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras no se excedió en sus facultades delegadas por la Asamblea Legislativa al establecer, mediante reglamento, que la tasa de interés legal por sentencia que le aplica a las corporaciones públicas es la misma que le aplica al Estado Libre Asociado, sus agencias e instrumentalidades, así como a los municipios, y no el tipo que le aplica al litigante no gubernamental.
Nuestra normativa jurisprudencial no es estática, sino dinámica. La misma varía y se desarrolla en directa correspondencia con la evolución de la sociedad en la que el Derecho ha de cumplir su misión. José Puig Brutau, Compendio de Derecho Civil, Vol. I, Bosch, Casa Editorial, S.A., Barcelona, 1987, pág. 87. En ese sentido, las actuaciones de los ciudadanos están mediatizadas no sólo por la legislación del país, sino también por los precedentes judiciales que establece el Tribunal Supremo. Es decir, la jurisprudencia de nuestro país define la conducta y dinámica social de las personas, en relación con otras personas y en relación con el Estado.
La jurisprudencia pretende armonizar la integración de la teoría y la práctica del Derecho. Es el complemento de nuestro ordenamiento jurídico que establece el Tribunal Supremo al interpretar la ley, la costumbre y los principios generales del Derecho. Ante el hecho de que la jurisprudencia tiene un impacto directo en la vida de la sociedad puertorriqueña, se levanta la siguiente interrogante: ¿Cómo se aplican las interpretaciones judiciales, retroactiva o prospectivamente? Veamos.
Nuestro ordenamiento jurídico no clarifica la controversia de la retroactividad o no de las decisiones del Tribunal Supremo. De hecho, ni la Constitución ni ninguna otra normativa hace alusión al respecto. El tema de la retroactividad sólo es atendido por nuestra Constitución y el Código Civil desde la perspectiva de las leyes. Por un lado, la ley suprema prohíbe la retroactividad de las leyes al plantear que no se aprobarán leyes ex post facto. Art. II, Sec. 12, Const. E.L.A.; 1 L.P.R.A. sec. 7. Mientras, por otro lado, el Código Civil establece que las leyes no tendrán efecto retroactivo si no dispusieren expresamente lo contrario, y que en ningún caso su efecto retroactivo podrá afectar derechos adquiridos al amparo de una legislación anterior. Art. 3 del Código Civil, 31 L.P.R.A. see. 3.
La polémica de la retroactividad o prospectividad de las determinaciones judiciales ha sido atendida por el Tribunal Supremo en diversos casos. Cada uno ha sido enfático en establecer que las decisiones judiciales pueden tener efecto retroactivo como prospectivo. Rexach Const. Co., Inc. v. Mun. de Aguadillo, 142 D.P.R. 85, 87 (1996). La premisa inarticulada es que la absoluta retroactividad sería la muerte de la seguridad y de la confianza pública; mientras la absoluta irretroactividad sería la muerte del desenvolvimiento del derecho. Reynaldo Calderón Jiménez, Retroactividad o Prospectividad de las Decisiones de los Tribunales, 53 Rev. C. Abo. U.P.R. 107, 115 (1992); Datiz v. Hospital Episcopal, 2004 J.T.S. 159, 163 D.P.R._(2004).
*1058 La responsabilidad de ponderar y decidir si la determinación judicial tendrá efecto retroactivo o prospectivo, recaerá en el foro de última instancia. Serán las circunstancias particulares del caso, la situación fáctica, la equidad, la hermenéutica, la política pública y el orden social, algunas de las consideraciones determinantes en esta decisión. Isla Verde Rental v. García, 2005 J.T.S. 124, 165 D.P.R._(2005); Datiz v. Hospital Episcopal, supra; Gorbea Vallés v. Registrador, 131 D.P.R. 10, 16 (1992).
Otra consideración en el análisis es que si la norma judicial que se anuncia se fundamenta en el derecho federal o, aunque basada en el derecho puertorriqueño, esté competida por el derecho federal, el Tribunal Supremo tendrá que reconocerle efecto retroactivo, salvo cuando hacerlo contravendría la doctrina de cosa juzgada. José Julián Álvarez González, Sumario: Derecho Constitucional, 67 Rev. Jur. U.P.R. 847, 885 (1998). También, es necesario tener presente que, tanto en el ámbito penal como en el civil, la prospectividad o retroactividad de una decisión judicial se regirá por criterios de política pública, sin restricciones constitucionales. En ese sentido, el análisis de política pública será igualmente aplicable a casos que son finales y firmes a la fecha en que se estableció la nueva norma judicial, así como a casos que estaban pendientes de adjudicación final. José Julián Álvarez González, op.cit, pág. 884.
El Tribunal Supremo de Puerto Rico se ha encargado de elaborar criterios jurisprudenciales concretos para facilitar su proceso decisorio al declarar si la aplicación de una determinación judicial será retroactiva o prospectiva. Estos factores son: (1) el propósito de la nueva regla para determinar si su retroactividad lo adelanta; (2) la confianza depositada en la antigua norma; y (3) el efecto de la nueva regla en la administración de la justicia. Isla Verde Rental v. García, supra; Rexach Const. Co., Inc. v. Mun. de Aguadillo, supra, pág. 88.
En definitiva, el efecto prospectivo y no retroactivo de una decisión, estará basado en una actitud de mesura judicial tendente a evitar dislocaciones violentas en un sistema económico que se ha estructurado confiando en un estado de la jurisprudencia. Monclova v. Financial Credit Corp., 83 D.P.R. 770, 787 (1961). En ese sentido, la decisión de un tribunal sólo debe tener efecto prospectivo si están presentes las siguientes consideraciones: (1) la decisión establece un nuevo principio de derecho; (2) si la aplicación retroactiva de la norma adelanta o retarda su operación y el efecto que ésta puede tener en la Administración de la Justicia; (3) la inequidad que se impondría por la aplicación retroactiva de la decisión del Tribunal. Reynaldo Calderón Jiménez, supra, pág. 131. El Tribunal Supremo validó este enfoque al manifestar que una determinación judicial sólo será prospectiva y no retroactiva cuando, en un caso particular, surge una nueva norma que no era fácilmente anticipable, y cuya inesperada aplicación en el caso podía ocasionar resultados sustancialmente injustos para la parte que confío en la norma anterior que quedó desplazada por la nueva norma. Flores v. Taino Motors, 2006 J.T.S. 129, 168 D.P.R._(2006).
Toda determinación, para aplicar retroactiva o prospectivamente una decisión judicial, debe estar cimentada en criterios de justicia, equidad y en los mejores postulados de convivencia social. El análisis realizado debe ser uno ponderado y sosegado. Esto, para evitar injusticias o causar un grave daño a quienes actuaron confiando en el ordenamiento jurídico legal vigente.
III
Pasados casi tres años de notificada la sentencia del Tribunal de Instancia, el 11 de julio de 2005, y luego de solicitar y no lograr el relevo de sentencia, la Corporación presentó una segunda moción de relevo de sentencia. La misma se hizo sin juramentar, se amparó en la causal de nulidad y se alegó que el por ciento de interés incluido en la sentencia original no era de aplicación a las corporaciones públicas, según la tabla de la Junta Financiera. La Corporación reclamó que el interés aplicable debió ser el 1.5% correspondiente a entidades gubernamentales. A su vez, la Corporación argumentó que por tratarse de un caso de nulidad de sentencia, el término de 6 meses, que dispone la Regla 49.2, supra, no era aplicable.
La parte que solicita una moción de relevo de sentencia bajo la referida Ley 2, supra, tiene que cumplir con *1059 los requisitos de naturaleza expedita que impone el estatuto especial. Estos son: la presentación en un término no mayor de 60 días a partir de la notificación de la sentencia, requiere que sea bajo juramento y que esté fundamentada al amparo de alguna de las causales que ésta dispone.
Cónsono con lo anterior, concluimos que la moción no cumplió con ninguno de los requisitos. Veamos. La moción no se presentó en el término de 60 días, ni se juramentó y se invocó una causal que no figura en el procedimiento sumario.
La Corporación pretende utilizar la segunda moción de relevo como un medio para modificar un alegado error de derecho como lo es el cómputo de los intereses de la sentencia. El medio apropiado para levantar dicho planteamiento era un recurso de apelación. La Corporación incoó un recurso en alzada ante el Tribunal Supremo el 22 de noviembre de 2002 que fue referido al Tribunal de Apelaciones. (KLAN-2003-00363). La Corporación incoó un segundo recurso y no cuestionó la partida de los intereses de la sentencia.
La Corporación solicitó en el Tribunal de Instancia una primera moción de relevo de sentencia el 14 de enero de 2003 y tampoco reclamó error sobre la imposición de los intereses.
La Corporación sustituyó el recurso de reconsideración o revisión por el de relevo de sentencia, hecho que nuestra jurisprudencia ha repudiado en múltiples ocasiones. A su vez, obvió el estatuto especial y aplicó la Regla 49.2, supra, sin fundamentar su petición. También obvió la norma de que la nulidad de sentencia solamente puede invocarse en casos que demuestren falta de jurisdicción sobre la materia o la persona, o por violaciones al debido proceso de ley.
Cabe recordar que la Corporación presentó varios recursos de revisión ante el Tribunal de Instancia, el Tribunal de Apelaciones y el Tribunal Supremo. En ninguno de los recursos, presentó como error la tasa o tipo de interés que ahora pretende revisar a través del mecanismo de relevo de sentencia. Tuvo oportunidad de hacerlo mediante el recurso de apelación (KLAN-2003-00063), en el que este mismo Tribunal revisó la sentencia que fijó los intereses que aquí se objetan. Sin embargo, la Corporación omitió traer el error en ese momento.
En conclusión, el Tribunal de Instancia actuó correctamente al denegar la segunda solicitud de relevo de sentencia. Luego de un análisis de razonabilidad, colegimos que la Corporación no actuó diligentemente al omitir presentar sus errores en el momento oportuno, utilizó un remedio impropio para corregir errores de tipo sustantivo e incumplió con requisitos jurisdiccionales de carácter especial de la Ley Sumaria de Reclamaciones Laborales. Por tanto, no procede el relevo de sentencia solicitado. Lo contrario acarrearía un perjuicio sustancial al obrero y burlaría tanto el espíritu reparador y expedito que promulga la Ley 2, supra, como la finalidad de la Regla 49.2, supra, de mantener el balance entre la estabilidad en los pronunciamientos judiciales y la búsqueda de la justicia.
Además, las circunstancias prevalecientes en el caso, la sentencia confirmada y el relevo de sentencia rechazado y el uso de múltiples recursos apelativos, en ninguno de los cuales se invocó como error el asunto relacionado a la tasa del interés de la sentencia, nos convencen de que en el presente caso no existen las circunstancias apropiadas para considerar la aplicación retroactiva de la decisión del Tribunal Supremo en el caso de Gutiérrez v. A.A.A., supra.
IV
Sin embargo, durante la revisión del expediente nos hemos percatado de un error que debemos corregir.
La querella del señor Gaspar Vega González fue radicada el 15 de junio de 2001. La sentencia del Tribunal de Primera Instancia fue dictada el 30 de octubre de 2002. La sentencia incluyó la imposición de honorarios al *1060 Fondo del Seguro del Estado, según ordena la Ley 2, supra, contra quien se anotó la rebeldía previamente.
La imposición del pago de intereses por la sentencia debe ser retroactiva a la fecha de la presentación de la querella. La sentencia del Tribunal de Primera Instancia expresa que ordena "el pago de intereses al 9.5% anual según fijado por la Junta Financiera...".
Hemos revisado la tasa de interés aplicable a las sentencias judiciales, según certificadas por el Comisionado de Instituciones Financieras. Esta refleja que la tasa de interés aplicable para el período comprendido entre el 1 de enero al 30 de junio de 2001, era de 10.50% y no de 9.50% como expresa la sentencia. Procede, pues, corregir el error y ordenar que el interés legal aplicable a la sentencia, según dispuesto por el Comisionado, será de 10.50%
y
Por los fundamentos antes expuestos, se expide el auto de certiorari, se confirma la sentencia y se modifica a los únicos fines de disponer que el interés legal aplicable a la sentencia es de 10.50%.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria.
Leda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones